## JUNCTION IRRIGATION CO. v. SNOW et al.

No. 6362.   Decided October 27, 1941.   (118 P. 2d 130.)

See 32 C. J. Injunction, sec. 755. Liability apart from bond for wrongfully suing out injunction, note, 45 A. L. R. 1517. See also. 28 Am. Jur. 510, 529.

*N. J. Bates,* of Richfield, for appellants.

*Carvel Mattsson and Henry E. Beal,* both of Richfield, for respondent.

PRATT, Justice.

This is an appeal upon the judgment roll. This suit was initiated August, 1928, but never came to trial until June 11, 1940. It is a water suit in which both parties seek injunctive relief and damages. The issues upon this appeal arise over the findings of fact and conclusions of law of

the lower court rendered upon the counterclaim of defendants and appellants O. C. Snow and John Snow. They assign two errors, which we quote:

"The Court erred in its conclusions of law as follows:

"1. That because of the fact that the defendants had permitted said action to remain in Court undetermined and without attempting to secure a determination thereof until on or about the year 1940, they are not entitled to judgment for damages on account of loss of the use of said waters on account of the acts of the plaintiff or the issuance of said restraining order or at all.

"2. The Court erred in its refusal and failure to award damages against the plaintiff to the defendants on account of loss of enjoyment and use of the waters awarded defendants."

Assignment #1 arises out of these facts: When plaintiff and respondent filed its complaint, it, upon ex parte application obtained a restraining order prohibiting defendants from interfering with the waters in question, and furnished a bond pursuant to section 104-17-4, R. S. U. 1933. This was in August, 1928. In May, 1940, upon motion of defendants, the court dissolved the restraining order. Thereafter defendants amended their counterclaim to include damages as a result of the restraint of the order over the period of 1928 to 1940. Upon the counterclaim, so amended, the lower court made the following findings of fact and conclusions of law, pertinent to the issues on this appeal:

"* * * There was decree to these defendants, as follows:

"To be diverted from the Mitchell Springs, tributary to the South Fork of the Sevier River, Piute County, O. C. Snow and John Snow, Priority 1881, period of use May 1 to Oct. 15, 1.5 C. F. S. to be diverted from Mitchell Ditch, and conveyed to Sevier River, allowed to flow down the said river to the head gates of the Monroe South Bend Canal Co."

\* \* \*

"That thereafter and during said irrigation season of 1928, and at all times since, the plaintiff wrongfully and unlawfully interrupted the flow of the said waters of the defendants from the said Mitchell Ditch by wrongfully and unlawfully taking and threatening to take said waters of said defendants, and thereby wrongfully and unlawfully depriving the said defendants of the use thereof; that the plaintiff

and its agent, officers and servants at said time, repeatedly destroyed the undershot works and measuring weirs of the defendants and thereafter the plaintiff, through its agents, officers and servants, destroyed these defendants' undershot works entirely and took the same from underneath the canal of the plaintiff and wrongfully and unlawfully diverted defendants' waters of the said Mitchell Ditch into the canal of the plaintiff and appropriated the same to the use of the plaintiff so that these defendants could not furnish the waters as agreed upon and as they had theretofore done to the Monroe South Bend Canal Company or to otherwise use said waters for irrigation purposes; that by reason of the acts of the plaintiff herein enumerated and by virtue of and because of a writ of injunction issued out of the above entitled Court at the commencement of this action in August 1928 in the above entitled cause, served upon these defendants, enjoining and restraining them from the enjoyment and use of said waters at all the times herein mentioned until May 10, 1940, when said injunction was dissolved by order of court after hearing and upon motion of defendants, defendants have been deprived of the use and enjoyment of the waters so owned and theretofore used and enjoyed by them."

\* \* \*

"\* \* \* And that immediately thereafter this action was commenced and restraining order issued by this Court upon petition of plaintiff thereby preventing the said defendants from further interference with or use of said waters; and that after issue joined by these parties by proper pleadings no further action was taken to determine the rights of the parties hereto and the defendants made no request for a setting of said cause or the dissolution of said injunction until about the month of May, 1940, when said injunction was dissolved by order of this Court as aforesaid; and that during the time said injunction was in force the use of said waters was reasonably worth in each year $1.00 for each acre foot."

A conclusion of law:

"\* \* \* Because of the fact that the defendants had permitted said action to remain in court undetermined and without attempting to secure a determination thereof until on or about the year 1940, they are not entitled to judgment for damages on account of loss of the use of said waters on account of the acts of the plaintiff or the issuance of said restraining order or at all."

The decree entered by the Court conformed to the conclusion of law last above quoted, and denied damages.

It is respondent's contention, among others, that damages resulting from the issuance of the restraining order are not to be recovered in and as a part of the injunction suit; that the sole remedy for such a recovery is a suit upon the bond or undertaking. If this contention be correct, it disposes of this case, as under such circumstances, the denial of such damages would be proper, even though the reason for the denial be erroneous.

We are of the opinion that respondent's theory of the law applicable in this state is correct. This suit is not upon the bond, nor is it one in malicious prosecution. That being the case appellants are not entitled here to damages for losses sustained as the result of the improvident issuance of an injunction or restraining order. We quote from some of the authorities upon the subject.

"In the absence of elements of an action for malicious prosecution, it is established by the great weight of authority that no action will lie by defendant in an injunction suit, independently of bond or undertaking, for damages for the wrongful suing out of the injunction."

\* \* \*

"And though a bond or similar undertaking has been filed by the injunction plaintiff, a majority of the courts have held that no right of action for damages caused by the injunction will lie, except when founded upon such undertaking, when the elements of a malicious prosecution action are lacking. These cases limit the recovery to the bond itself." 45 A. L. R. 1518, and cases therein cited.

"In the absence, therefore, of legislative authority to the contrary, a court of equity will not, upon dissolving an injunction, enforce payment of damages in the original cause, but will remit the parties aggrieved to their action upon the bond." 2 High on Injunctions, 4th Ed., 1606.

"\* \* \* The majority of decisions hold that in the absence of express statutory authority or of some provision in the bond itself authorizing it, the court granting the injunction has no power on dissolution thereof to assess the damages resulting from the wrongful issuance of the injunction." 32 C. J. 439.

"In *Robinson* v. *Kellum*, 6 Cal. 399, an action was brought against the defendant to recover damages for wrongfully suing out an injunction against the plaintiff, and upon the appeal from the judg-

ment rendered therein in favor of the plaintiff the court said: 'An action on the case will not lie for improperly suing out an injunction, unless it is charged in the declaration as an abuse of the process of the court through malice and without probable cause. If the act complained of is destitute of these ingredients, then the only remedy of the injured party is an action upon the injunction bond, which is specially provided by the statute as a protection against injury, even without malice;' and reversed the judgment because the complaint failed to aver those facts." *Asevado* v. *Orr*, 100 Cal. 293, 34 P. 777. 778.

"The law appears to be pretty well settled, also, that in actions of this character, damages cannot be awarded in the original cause, in the absence of a statute authorizing the same on the dissolution of the injunction, but the party aggrieved must resort to an independent action." *Sorter* v. *Strassheim*, 8 Colo. 185, 6 P. 215, 216.

See, also, 28 Am. Jur. 510 and 529; Sutherland on Damages, 4th Ed. vol. 2, page 1718; *Jacobs* v. *Greening*, 109 Kan. 674, 212 P. 72.

In anticipation of this possible solution of the case, appellants argue that we must not overlook the fact that their losses are not charged solely to the issuance of the restraining order; but that respondent otherwise interfered with their use of the waters. But the lower court made no segregation of such damage. So far as the period from 1928 to 1940 is concerned, for aught that appears in the findings of fact the damages suffered were all attributable to the issuance of the injunction or restraining order. If an injunction is improvidently issued, the one who has suffered damages as a result does not have two causes of action, one based upon the bond and the other based upon the acts which were carried out under the protection of the restraining order and bond. Those two are not different causes of action, but merely different ways of stating the same cause of action, a cause of action upon the bond.

As to the period prior to the filing of the complaint in 1928, the lower court made no finding of fact to support damages; and no complaint is made before this court that the findings of fact are inadequate. We have no evidence before us.

The judgment and decree of the lower court is affirmed. Costs to respondent.

MOFFAT, C. J., and WOLFE, LARSON, and McDONOUGH, JJ., concur.