**Lawrence D. SHEHI, d/b/a Shehi Transfer and Storage, Appellant,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, a corporation, Appellee.**

No. 9349.

United States Court of Appeals Tenth Circuit.

Sept. 18, 1967.

Donald A. Jones, Manhattan, Kan. (David K. Clark, Manhattan, Kan., on the brief), for appellant.

William C. Sullivan, Topeka, Kan., for appellee.

Before LEWIS and SETH, Circuit Judges, and BRATTON, District Judge.

DAVID T. LEWIS, Circuit Judge.

This appeal is taken from a summary judgment entered by the District Court for the District of Kansas against the appellant-plaintiff upon each of two counts of a complaint alleging damage through the wrongful conduct of the appellee telephone company. The cause, originally filed in state court, was removed upon allegation·of diversity jurisdiction and claim to the requisite amount of damage.

Prior to May 1964, appellant was a customer of Southwestern Bell and had an assigned number and listing in the Manhattan, Kansas, telephone directory under the name Shehi Transfer and Storage Company. At such time, Shehi was agent for North American Van Lines and an additional listing existed for the same number under North American's name, the cost of which was subject to an arrangement between Shehi and North American. In Count One of his complaint, appellant alleged that when Southwestern issued a new directory in November 1964, the telephone company refused to assign to him a number or listing although he had a contract agreeing to such service. Through application of the discovery processes, primarily the deposition of Mr. Shehi, the existence of such a contract was completely negatived as a matter of law under his own version of the facts and the conclusionary aspects of his claim set forth in the complaint shown to be completely without merit. It is firmly established under Rule 56, Fed.R.Civ.P., that facts alleged in a complaint may be pierced by discovery and that the pleader may not rest upon such allegations to perpetuate a nonexistent issue of fact. Bolack v. Underwood, 10 Cir., 340 F.2d 816, 819. Appellant's belated argument that he was *prevented* from obtaining a contract and his reference to a conspiracy participated in by Southwestern Bell are not within the issues of the case as contained in the record and amount to little more than legal impertinence. The granting of summary judgment on Count One was manifestly correct and the judgment of the trial court in such regard is affirmed.

In Count Two of his complaint appellant alleged that he suffered damage in the sum of $150,000 because the telephone company reassigned his telephone

number to a competitor. Again, the generalities of these allegations were pierced through discovery and the trial court, considering the undisputed facts so developed, granted summary judgment adverse to appellant holding that as a matter of law the telephone company had acted reasonably under all the circumstances. Review of the correctness of this ruling requires a recital of the admitted facts and a consideration of the pertinency of the disputed facts.

■ For several years prior to May 1964, appellant had been conducting a small moving and storage company in Manhattan, operating both locally and as agent for North American.[1] His business was essentially a one-man venture and when, in 1963, he was severely injured in an accident, the business rapidly deteriorated economically. By May or June 1964, he had been foreclosed by the Small Business Administration, he had lost his lease, his equipment, and his agency with North American. He failed to pay his telephone bill and the telephone company cut off his service on May 5.[2] Except for a conversation pertaining to payment of the bill (it is still unpaid), appellant had no communication with the telephone company until he filed suit in the state court in August 1964.

In May 1964, North American appointed the ABC Moving and Storage Company as its new agent in Manhattan. Representatives of these two companies requested the telephone company to connect to them and reactivate the telephone number formerly held by Shehi and still listed to Shehi and North American. They represented to the telephone company that Shehi was out of business, had consented to the procedure, and that all calls received by ABC that were intended for Shehi would be referred to his residence phone. North American also stated that the requested number was listed in its existent company national directories. The telephone company complied with their request and the telephone number in question was activated on May 18. In August, ABC agreed in writing to refer calls intended for Shehi. In November a new directory was issued and a new number assigned to ABC and North American.

Appellant testified in his deposition that he attempted to engage in the moving business after his financial failure through the use of some borrowed trucks and operating out of the secondhand store of a friend of his; that he did not consent to ABC's use of his old phone number and that calls for him were not referred to him by ABC.

■ In granting summary judgment the trial court held that after appellant failed to pay his telephone bill and the telephone company lawfully disconnected the line that "North American had at least an equal, if not greater than equal, equity in the phone number." We do not think this to be a rule of law but rather a permissible inference to be drawn by the fact finder upon consideration of all the evidentiary circumstances probing the reasonableness (or lack of reasonableness) of the telephone company's acts. And so considered, summary judgment cannot be sustained, for by very definition summary judgment precludes an original finding of fact or the establishment of permissible inferences from undisputed facts. Summary judgment must flow only as a matter of law from undisputed facts. Rule 56, Fed.R.Civ.P.; Bushman Con-

---

1. North American had no separate office.

2. Under Kansas law the telephone company is compelled to file with the State Corporation Commission certain tariffs which set forth the terms and conditions of the relationship between the company and its customers (See K.S.A. 66–101 to 66–118). A tariff so filed is more than a mere contract—"*it is the Law.*" Car-

ter v. American Tel. & Tel. Co., 5 Cir., 365 F.2d 486, 496. (Emphasis added.) The following tariff is on file:

"A failure to make payments in accordance with the rules and regulations prescribed by the telephone company is regarded by the Company as a voluntary termination of the contract by the customer."

struction Co. v. Conner, 10 Cir., 307 F.2d 888, 892. Similarly we must reject the telephone company's argument that ABC and Shehi were not "competitors" and that the assignment of the telephone number was to a new and different customer. Such argument is premised upon the assumption that Shehi was completely out of business, a disputed issue, and in any event the evidence of Shehi's financial plight probes the question of damage and not the question of a basic legal interest.

Finally, the telephone company asserts that when phone service is properly terminated for non-payment of charges it has an unqualified right to treat the disconnected number as its sole property because of the following provision in the Kansas tariff:

"IX. TELEPHONE NUMBERS— The customer has no property right in the telephone number or any right to continuance of service through any particular central office, and the Telephone Company may change the telephone number or the central office designation, or both, of a customer whenever it deems it desirable in the conduct of its business so to do."

This contention was rejected by the trial court and we think properly so. The tariff provision negatives any claim of a customer to a property right in a telephone number but cannot be construed to authorize the telephone company to exercise arbitrary dominion over the number so as to cause harm and injury to another.

In summation, we conclude that the undisputed facts pertaining to Count Two probe the good faith of the telephone company in reassigning the subject telephone number and the question of damage, if any, that the appellant suffered but do not establish, as a matter of law, the ultimate fact of the reasonableness of the telephone company's actions.

The judgment is affirmed as to Count One; reversed as to Count Two.