MONROE DIVISION, LITTON BUSINESS SYSTEMS, INC.,
Plaintiff-Appellee,

v.

Frank A. DE BARI,
Defendant-Appellant.

No. 76–1354.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 20, 1977.

Decided Sept. 26, 1977.

Carl Esbeck, Albuquerque, N. M. (Rodey, Dickason, Sloan, Akin & Robb, P. A. and John P. Eastham, Albuquerque, N. M., on the brief), for plaintiff-appellee.

Richard J. Rubin, Santa Fe, N. M. (Northern New Mexico Legal Services, Inc., on the briefs), for defendant-appellant.

Before SETH, BREITENSTEIN and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is a proceeding to recover damages allegedly resulting from an overly broad preliminary injunction. The district court, after entering a narrower permanent injunction, denied damages. We reverse.

Defendant-appellant De Bari was employed by plaintiff-appellee, Monroe Division, Litton Business Systems, Inc., as assistant branch manager of its Santa Fe, New Mexico, office. His employment was terminated on June 27, 1975. Monroe sued to enforce a provision of the employment contract which prohibited the employee from competing against the employer for one year after contract termination, and sought injunctive relief.

Monroe is a division of Litton Industries, Inc., a conglomerate. It is concerned with the production and marketing of adding machines, calculators and similar devices. Other Litton divisions are engaged in a variety of fields involving business systems and equipment, defense and marine systems, industrial systems and equipment, and professional services and equipment.

After an evidentiary hearing, the court on July 22 issued a preliminary injunction barring defendant from competing with "the Company or its parent or any affiliate or subsidiary of the Company or its parent." The injunctive order did not require, and the plaintiff did not post, the security required by Rule 65(c), F.R.Civ.P. The case was set for trial on October 6 and was continued on the motion of defendant. On October 14, defendant moved for the posting of security. Monroe opposed the motion. It relied on *Continental Oil Co. v. Frontier Refining Co.,* 10 Cir., 338 F.2d 780, 782–783, and argued that security need not be posted by a corporation which has sufficient assets to assure its ability to pay damages. On October 22, the court denied the motion for security, saying that it would be inequitable to require security on a preliminary injunction "which, but for defendant's motion for continuance, would have reached a final decision on the merits." On December 23, after trial on the merits, the court

found that defendant had had no contact with Litton subsidiaries other than Monroe, permanently enjoined defendant from competing with Monroe, and deleted the broader restriction of competition with any Litton enterprise.

Defendant then moved "to enforce liability on the wrongful preliminary injunction," and filed a supporting memorandum of points and authorities. The memorandum referred to an affidavit of plaintiff, previously filed, in which he stated loss of income. It also asserts the right to recover on the theory of restitution and unjust enrichment arising from business opportunities made possible by the wrongful restraint on defendant's activities. The motion for enforcement contained a request for a hearing. The court denied the motion without a hearing. This appeal is from the denial of the motion.

■ Monroe argues that, absent a security bond, there is no liability for damages or restitution because of a wrongful injunction unless the circumstances give rise to a claim for malicious prosecution. Rule 65(c), F.R. Civ.P., provides that no "preliminary injunction shall issue except upon the giving of security by the applicant" for the payment of damages that may be suffered by a party wrongfully enjoined. Rule 65.1 provides that liability may be enforced on motion without an independent action. Monroe's reliance on cases such as *Meyers v. Block,* 120 U.S. 206, 211, 7 S.Ct. 525, 30 L.Ed. 642, and *Russell v. Farley,* 105 U.S. 433, 438, 26 L.Ed. 1060, which antedated the Federal Rules of Civil Procedure, is misplaced. We questioned the continued viability of *Russell v. Farley* in *Atomic Oil Co. of Oklahoma, Inc. v. Bardahl Oil Company,* 10 Cir., 419 F.2d 1097, 1100–1101, cert. denied 397 U.S. 1063, 90 S.Ct. 1500, 25 L.Ed.2d 685. We pointed out that Rule 65(c) creates a cause of action for costs and damages incurred by an enjoined party by reason of a wrongful injunction. Ibid. at 1101. The rule controls and negates the concept that recovery may only be based on malicious prosecution.

In *Continental Oil Company v. Frontier Refining Company,* 10 Cir., 338 F.2d 780, 782–783, we held that the security requirement of Rule 65 gave the trial judge a discretion to dispense with a security bond when the applicant for the injunction had "considerable assets" and was "able to respond in damages." Monroe argues that without the posting of security, there may be no recovery of damages or restitution from the applicant for the injunction even though the preliminary injunction was modified to make it less restrictive. Implicit in our decision in *Atomic Oil* is recognition that Rule 65 mandates security for the protection of the person enjoined. 419 F.2d at 1101. That protection is not eliminated when the court relies on the financial strength of the party seeking the injunction in place of the security of a bond. To hold otherwise would make a farce of the rule and of our *Continental Oil* decision.

■ When the court granted the preliminary injunction, it did not comply with the security requirement of Rule 65. The court's violation of this rule does not destroy the defendant's right to recover for a wrongful preliminary injunction. The security bond both protects the enjoined party and limits the liability of the applicant for the injunction. Where, as here, the applicant opposes a motion for posting of security on the basis of its financial responsibility and does not seek to limit its liability, it may not avoid liability on the ground that a bond was not required.

The court's denial of defendant's motion to require security was based not on *Continental Oil* but on the supposed inequity of requiring the applicant to post bond at a time when, if not for the defendant's motion for a continuance, the case would already have been tried on the merits. The case was tried on November 11, and the wrongful preliminary injunction remained in effect until December 23.

■ The request for continuance did not waive the security requirement of Rule 65. The grant of the continuance was not conditioned in any way. Whatever effect the requested continuance may have had, it

did not preclude defendant from seeking to recover damages for a wrongful injunction. Atomic Oil recognized the right to seek recovery. 419 F.2d at 1101. Equity comes into play in determining whether there may be recovery and the amount thereof.

The parties presented evidence at both the hearing on the preliminary injunction and that on the permanent injunction. In denying defendant's motion for damages because of the wrongful preliminary injunction, the court said that there was sufficient evidence in the record to decide the matter. The court then recited defendant's non-compliance with the preliminary injunction, his failure to mitigate damages by seeking other employment, and insufficiency of the evidence to sustain the claim of damage. Defendant asserts that he would have produced evidence on these points if given the requested opportunity to do so at a hearing on his motion. The two evidentiary hearings held by the court were concerned with Monroe's right to injunctive relief. At those hearings the claim for damages because of a wrongful preliminary injunction was neither presented nor considered; indeed, the claim for damages had not yet arisen. The principles of collateral estoppel were therefore inapplicable. See *North Carolina Railroad Company v. Story,* 268 U.S. 288, 294, 45 S.Ct. 531, 69 L.Ed. 959. Evidence adduced at hearings on other matters might be relevant to, but in this case not conclusive on, the question of damages.

Defendant requested, and was entitled to, a hearing on his claim of damages arising from the wrongful injunction. The presentations of the parties in the trial court and on this appeal show genuine disputes as to material facts relating to the damage to the defendant. "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean,* 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363; see also *Goss v. Lopez,* 419 U.S. 565, 579, 95 S.Ct. 729, 42 L.Ed.2d 725. Defendant was unconstitutionally denied that right.

We express no opinion on any matter relating to defendant's right to damages or restitution. Those matters are for determination, in the first instance, by the trial court after an evidentiary hearing followed by appropriate findings of fact and conclusions of law.

Reversed and remanded for further proceedings in the light of this opinion.