**FILLMORE CITY, a Municipal Corporation, Plaintiff and Appellant,**

v.

**Thomas A. REEVE and Alda E. Reeve, Defendants and Respondents.**

No. 14697.

Supreme Court of Utah.

Oct. 31, 1977.

Dexter L. Anderson, Fillmore, for plaintiff and appellant.

Eldon A. Eliason, Delta, for defendants and respondents.

**CROCKETT, Justice:**

Fillmore City brought this action to abate and enjoin an alleged nuisance created by the defendants in keeping pigs and cattle and horses on premises at the edge of and partly within its city limits where the zoning was only for residential use. Defendants denied the charge of nuisance and affirmatively alleged a right to keep livestock on the premises because of a prior established non-conforming use, which was expressly exempted by the zoning ordinance.[1]

On November 11, 1974, at a hearing on an order to show cause why a preliminary injunction should not be issued, the parties entered into stipulations that if injunctive relief was granted and if the defendants' claim of non-conforming use was later found to be valid, the defendants would be entitled to damages resulting from their compliance with the order. They further stipulated that a $6,000 bond would be filed by the plaintiff to indemnify the defendants for any damages that would inure to them because of the removal of their livestock.[2] In consequence of the foregoing, the court made an order that the defendants remove their livestock from the premises within fifteen days. The defendants complied and sold their stock, partly by private sale and partly through the Delta Livestock Auction.

At the trial on March 3–4, 1975, evidence was presented that dating back twenty years or more the defendants (or others, including their lessees) had kept varying numbers of pigs, sheep, cattle and horses on the premises. From those facts the court concluded that the defendants had established the claimed non-conforming use. Further, on the basis of the evidence, including that there was nothing abnormally filthy or offensive about the manner of

---

1. The zoning ordinances in question became effective January 5, 1972. Section 4–200 provides: "Except as hereinafter specified, any use . . . lawfully existing at the time of enactment of this ordinance may be continued even though such use . . . does not conform with the provisions of this ordinance for the district in which it is located."

2. Even though Rule 65A(c), U.R.C.P., provides that no security is required of a subdivision of the state, plaintiff City so stipulated.

keeping the livestock, the court also ruled against the plaintiff on its contention of public nuisance.

The court having thus found the issues in favor of the defendants as to the keeping of the livestock, proceeded to hear evidence as to the damages suffered by the defendants because they had had to sell their stock in a hurry at forced sale and upon a depressed market, rather than to "feed them out" and sell them when they were in a finished condition and upon a more favorable market. Upon the basis of the testimony of a Mr. Don Evans, who qualified as an expert in the raising and management of livestock, and who testified to the losses thus suffered by the defendants, the trial court computed their loss, plus interest thereon to the time of judgment, totaling the $2,470 he awarded to them.

This appeal is by the plaintiff, Fillmore City. In attacking the judgment it argues that the trial court erred

(1) in finding that the defendant had established a non-conforming use; and in refusing to find that it had kept animals in excess of any such non-conforming use;

(2) in failing to find that there was a public nuisance;

(3) awarding damages when the defendants had failed to plead or counterclaim therefor; and

(4) awarding damages without any foundation in competent evidence.

■ As to (1) above: we agree that where the violation of a zoning ordinance is shown, the burden of proof is on the violator to prove by preponderance of the evidence a pre-existing non-conforming use. However, when the non-conforming use is established, the burden of proof is reversed. It is then on the city to prove that the defendant violated the zoning ordinance by exceeding his established non-conforming use.

■ With respect to issues (1) and (2), we follow the standard rule of review, that where the evidence is in conflict, we assume that the trial court believed those aspects of the evidence that support his findings.[3] In the interest of brevity, we omit any further detail of the evidence, but deem it sufficient to say that in applying the rules just stated, there is a basis therein to support the findings.

In regard to issue (3) stated above, Rule 65A(c) U.R.C.P. states that:

. . . no restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

It is true that in particular circumstances this Court has held that upon the dissolution of an injunction the aggrieved party should resort to an independent action to recover damages.[4] However, that rule eliminates the necessity of an independent action by further providing that liability on the surety bond "may be enforced on motion without the necessity of an independent action on the bond." This of course does not normally eliminate the necessity of giving the adverse party (plaintiff here) some notice and an opportunity to meet that issue by filing a motion or a counterclaim for such relief.

■ Although it is true that there was no such motion or counterclaim filed, plaintiff City has no justifiable cause for complaint in this instance for several reasons. The first is its own stipulation that if at the trial the defendants were found to have a non-conforming use they would be entitled to damages resulting from the injunction. Coupled with this are these important additional facts: that evidence on the subject of damages was presented without any objection from the plaintiff; that its counsel

**3.** *First Security Bank v. Wright,* Utah, 521 P.2d 563 (1974); *Hardy v. Hendrickson,* 27 Utah 2d 251, 495 P.2d 28 (1972).

**4.** *Junction Irrigation Co. v. Snow,* 101 Utah 71, 118 P.2d 130 (1941). See also *City of Wichita v. Krauss,* 190 Kan. 635, 378 P.2d 75 (1963); 42 Am.Jur.2d, Injunctions, Section 383.

made no representation to the court that he was surprised or put at any disadvantage in meeting that issue; and that he did not ask for any continuance for that purpose. Under such circumstances the city is now precluded from claiming error in that regard.[5]

■ In regard to issue (4), a distinction should be noted between the statement just made above: that plaintiff made no objection to the presentation of evidence relating to damages, and the objection it did make to the testimony of Mr. Don Evans, on the ground of his failure to qualify as an expert and his lack of actual knowledge of defendant's premises and keeping of livestock. The basic rules are: that if the witness has specialized knowledge in the field to the extent that his testimony can be helpful to the jury on matters with which lay persons are not familiar, his testimony can be received as an expert;[6] and that whether he is so qualified rests within the sound discretion of the trial court.[7]

■ In regard to the plaintiff's specific objection that Mr. Evans did not have first-hand knowledge of the defendants' operation and therefore should not have been permitted to testify, that objection is without merit because the expert does not need to have any such specific knowledge and he did not pretend that he did so. His testimony was as to matters that would apply to any similar situation.

We have found no prejudicial error and therefore no basis for disturbing the findings and judgment.

Affirmed. No costs awarded.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

**5.** That this is true, see *Taylor v. E. M. Royle Corp.,* 1 Utah 2d 175, 264 P.2d 279; *Cheney v. Rucker,* 14 Utah 2d 205, 381 P.2d 86.

**6.** *Hooper v. General Motors Corp.,* 123 Utah 515, 260 P.2d 549 (1953); *Stagmeyer v. Leatham Bros.,* 20 Utah 2d 421, 439 P.2d 279 (1968).

**7.** *Lamb v. Bangart,* Utah, 525 P.2d 602 (1974).