AETNA CASUALTY AND SURETY COMPANY AND NATIONAL INDEMNITY COMPANY, APPELLANTS, v. GARY BELL AND MARY STANDER, RESPONDENTS.

No. 11082

December 11, 1979                    603 P.2d 692

[Rehearing denied January 21, 1980]

*David Hamilton,* Reno, for Appellants.

*White & Spaulding, Ltd.,* Reno, for Respondents.

## OPINION

*Per Curiam:*

In this appeal, Aetna Casualty and Surety Company and National Indemnity Company contend the district court erroneously determined that they were liable upon surety bonds issued as security in connection with a temporary restraining order and preliminary injunction. We agree and reverse.

The events leading to this appeal originated with a dispute between the respondents and Robert Morse over the rightful possession of a business known as the Hee Haw Nevada Club.

Pending trial of the action to determine rightful possession, Morse obtained from the district court a temporary restraining order and, subsequently, a preliminary injunction conferring the present right of possession upon Morse and enjoining the respondents from entering upon or operating the business. The injunction also required Morse to perform certain fiduciary duties and to file periodic financial accounts with the court. Pursuant to NRCP 65(c), surety bonds were posted in the sum of $7,500.[1] (Appellant Aetna Casualty and Insurance Company had posted a $1,000 bond upon the issuance of the temporary restraining order; appellant National Indemnity Company posted the remaining $6,500 bond upon the issuance of the preliminary injunction.)

Following a partial trial on the merits, respondents and Morse entered into a stipulation "concerning all matters in dispute between the above-named Plaintiff [Morse] and Defendants [respondents] pertaining to the ownership, operation, assets and liabilities of the cabaret Hee Haw Nevada." The stipulation specified the liabilities of the parties for certain debts and obligations, and provided that Morse would remain in possession of the business for one month from the date of the stipulation, after which he would turn over possession to the respondents with certain designated personal property upon payment to him of $1,800. The district court approved the stipulation resolving the differences of the parties and consequently vacated the trial and ordered the preliminary injunction dissolved. However, Morse's subsequent failure to comply with the terms of the stipulation caused respondents to obtain an order from the district court allowing earlier possession of the business than provided for in the stipulation.

Several months later, the respondents filed a "motion for order compelling payment of damages for wrongful issuance of temporary restraining order and preliminary injunction." The appellants, who contend they were not properly notified of the motion, did not appear at the subsequent hearings, and Morse failed to present any evidence in his behalf. The district court, after receiving evidence from the respondents only, concluded that Morse had violated the fiduciary duties imposed upon him by the preliminary injunction and that the violation of these

---

[1]NRCP 65(c) provides:

"No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the State or of an officer or agency thereof.

The provisions of Rule 65.1 apply to a surety upon a bond or undertaking under this rule."

duties resulted in damages to the respondents in the approximate amount of $15,500. The court determined that Morse's violation of his fiduciary duties constituted wrongful restraint under the preliminary injunction as a matter of law and ordered appellants to pay to respondents the face amount of the surety bonds which were posted as security when the preliminary injunction was issued.

Upon notification of this order, appellants filed a motion to vacate. They argued that they should not have been required to pay the amount of the bonds because they were not properly notified of the motion pursuant to NRCP 65.1,[2] and, among other things, that the respondents were not entitled to payment on the bonds after the preliminary injunction was dissolved pursuant to the stipulation of the parties. The motion to vacate was denied and this appeal, which presents the same issues, followed.

We agree with appellants' contention that respondents lost their right to recover on the surety bonds when the respondents and Morse entered into the stipulation resolving their differences and the preliminary injunction was subsequently dissolved. Accordingly, we reverse solely on this basis and need not reach the issue of the adequacy of the notice afforded appellants under NRCP 65.1.

Generally, in the case of an injunction bond, the claim against the surety does not accrue until it is finally determined that the plaintiff was not entitled to the restraining order or injunction. 11 Wright & Miller, Federal Practice and Procedure § 2972 (1973). A final determination may take the form of a decree dismissing the suit, total or partial dissolution of the injunction, or the failure to carry the burden of proof at the hearing on the preliminary injunction. *Id. See also* Glens Falls Ins. v. First Nat'l Bank, 83 Nev. 196, 427 P.2d 1 (1967). A voluntary dismissal of an injunction suit by the plaintiff is also regarded as a final determination that the plaintiff was not entitled to the injunction and warrants recovery on the bond.

[2]NRCP 65.1 provides:

"Whenever these rules require or permit the giving of security by a party, and security is given in the form of a bond or stipulation or other undertaking with one or more sureties, each surety submits himself to the jurisdiction of the court and irrevocably appoints the clerk of the court as his agent upon whom any papers affecting his liability on the bond or undertaking may be served. His liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribes may be served on the clerk of the court, who shall forthwith mail copies to the sureties if their addresses are known."

M. Blatt Company v. Southwell, 130 S.E.2d 859 (N.C. 1963); 2 High on Injunctions § 1649a (4th ed. 1905).

However, where the action is dismissed by the voluntary, amicable and mutual agreement of the parties, such dismissal does not operate as a final determination that the plaintiff was not entitled to the injunction, St. Joseph & Elkhart Power Co. v. Graham, 74 N.E. 498 (Ind. 1905), and the party against whom the injunction was granted waives his rights under the bond and can not afterward maintain an action upon the bond on the ground that the injunction was wrongfully granted. Wilshire Mortg. Corp. v. O. A. Graybeal Co., 105 P.2d 996 (Cal.App. 1940). *High, supra. See also* Sackett v. City of Morris, 149 Ill.App. 152 (1909); Cassem v. Ernst, 84 Ill.App. 70 (1899).

Respondents having voluntarily entered into the stipulation with Morse resolving their dispute over the possession and operation of the Hee Haw Nevada Club, and the preliminary injunction having thereby been dissolved, no rights could thereafter arise upon the bonds in favor of the respondents. ''[Respondents] had an opportunity, by refusing to sign the stipulation . . ., to insist either that [Morse] voluntarily dismiss the suit or that the court determine whether the injunction was properly granted, to the end that an action might be prosecuted upon the bond.'' Wilshire Mortg. Corp. v. O. A. Graybeal Co., *supra* at 999. Having failed to do so, respondents waived any rights they possessed under, and therefore should not have been allowed to recover upon, the bonds.

Reversed.