Dan L. POWELL; Rex T. Powell and Rayona T. Powell, husband and wife; and Theora Holt, Plaintiffs and Appellants,

v.

ATLAS CORPORATION, also known as Atlas Minerals—Division of Atlas Corporation, First Doe, Fourth Doe and Fifth Doe, Defendants and Respondents.

No. 16520.

Supreme Court of Utah.

July 21, 1980.

Duane A. Frandsen of Frandsen, Keller & Jensen, Price, for plaintiffs and appellants.

L. Robert Anderson, Monticello, for defendants and respondents.

CROCKETT, Chief Justice:

Plaintiffs brought this action to quiet title to certain unpatented lode mining claims located on public domain west of Green River in Emery County. Upon a trial to the court, it made findings and rendered judgment in favor of defendant. Plaintiffs appeal.

The challenge to defendant's right to the mining claims relates to alleged defects in the descriptions, defects in the boundaries as located in the field, the existence of prior valid claims, and the failure to do required assessment work. For those reasons, plaintiffs contend that the defendants (and their predecessors) rights to the claims are inferior to those of the plaintiffs, based upon subsequent locations.

Attention is first directed to the plaintiffs' contentions concerning the group known as the Gramlich claims. Their argument relates to the accuracy and validity of the descriptions of those claims, particularly that some of them as now relied on have been moved from their original locations without proper amendment of the filed notices of claim thus rendering them subject to relocation.

The federal statutes and our own applicable to this point are substantially the same. 30 U.S.C.A. § 28 provides in part that:

. . . All records of mining claims . . . shall contain . . . such a description of the claim or claims located by reference to some natural object or permanent monument as will identify the claim. . . .

The Utah statute is U.C.A.1953, § 40–1–2, which provides in pertinent part:

The locator at the time of making the discovery of such vein or lode must erect a monument at the place of discovery, and post thereon his notice of location which shall contain:

\* \* \* \* \* \*

(4) . . . such a description of the claim, located by reference to some natural object or permanent monument, as will identify the claim.

\* \* \* \* \* \*

U.C.A.1953, § 40–1–4, requires that the notice of location and description of the claim be filed in the office of the county recorder where the claim is situate within 30 days of the date of the posting of the location notice.

The purpose of those statutory requirements is to mark as definitely as possible the locator's claim and to give others notice thereof.[1] The issues in the Fuller case are similar to those in this one. In both cases, ownership of mining claims is challenged because of failure to comply with requirements regarding descriptions and indefiniteness as to markers and boundaries. In the *Fuller* case, we observed that the purpose of the statutory requirements is to provide the proper form and procedure that a locator must follow, but that compliance with the exact letter of the law is not indispensable, wherefore minor differences in the description of a claim as recorded from the actual location will not render a claim invalid.[2] In applying that rule to the instant case, the evidence supports the finding that defendant's predecessors had located the Gramlich claims on lands which were open to location and that there was sufficient compliance with the statutory requirements both at the places of location and as filed with the county recorder.

Plaintiffs' second assignment of error relates to claims of the defendant known as the Hihope group of claims. The position essayed by the plaintiffs with respect thereto is that certain claims known as the Desert Rat and Sand Valley claims, relied on by them, had been previously located by other parties, which locations were valid at the time of defendant's locations. Hence plaintiffs urge that defendant's Hihope locations were not valid when made, but since the prior locators subsequently defaulted, plaintiffs were entitled to locate claims in that area.

It is true that upon failure to comply with the requirements of location, description, or assessment, a claim reverts to being open to relocation as if the prior claim had never been made.[3] In order to prevail on their contention, the plaintiffs would have to show that the Desert Rat and Sand Valley claims upon which they rely were valid existing claims in 1961 when defendant (predecessors) located the Hihope claims in that area. On supporting evidence, the trial court found that disputed issue in favor of the defendant: that the plaintiffs' claims had been either improperly located on prior valid claims belonging to the defendant, or were otherwise open to relocation at the time the defendant's Hihope claims were located.

In implementation of that determination, the trial court made express findings as to defects in the Desert Rat and Sand Valley claims relied upon by the plaintiff, including that the boundaries were not distinctly marked on the ground so that they could readily be traced,[4] and that there were deficiencies in the placing of discovery monuments and the posting of notices of location. Wherefore, the trial court concluded that the defendant's Hihope claims had been validly located.

Plaintiff's third attack upon defendant's claims is that the latter had failed to satisfy the annual assessment work requirement[5] for the years ending September 1, 1973, 1974, and 1975. They assert that the assessment work defendant now seeks to apply toward the annual assessment requirement for the claims in dispute was not done on certain of the claims themselves, but on other claims in the area.

The purpose of assessment work is to assure diligent development of mining

---

1. *Fuller v. Mountain Sculpture*, 6 Utah 2d 385, 314 P.2d 842 (1957).

2. 6 Utah 2d at 390, 314 P.2d at 845.

3. 30 U.S.C.A. § 28.

4. See U.C.A.1953, § 40-1-3, and 30 U.S.C.A. § 28.

5. 30 U.S.C.A. § 28 provides:

On each claim located after the 10th day of May, 1872, and until a patent has been issued therefor, not less than $100.00 worth of labor shall be performed or improvements made during each year. . . . but where such claims are held in common, such expenditure may be made upon any one claim; . . . .

claims, and to prevent the thwarting of that purpose by mere location to tie up claims and let them be idle. The requirement is that, in order to preserve his rights, the locator must perform and file proof of work on his claims. It is, however, universally recognized that such work need not be performed on each individual claim, but may be made upon an adjacent interrelated claim if it can be deemed to benefit the claim.[6] This doctrine must be applied with caution in order to prevent a locator from using assessment work in one location to monopolize too extensive an area and thus prevent the location and development of claims by others. The claims must be contiguous, or at least so situated in juxtaposition to each other and so positioned in relation to an ore body that it can fairly be concluded that the assessment work was reasonably calculated to benefit each of the claims that the assessment work is asserted to cover.[7]

 The important question in this aspect of the case is, therefore, whether the work done on Atlas claims during 1973, 1974, and 1975, met the requirement of the rule just stated in regard to being a benefit to the claims in that group in which plaintiffs dispute defendant's interest. On this point, plaintiff essays the position that because an expert witness expressed his opinion that work in relation to certain of the claims would not benefit certain others, such must be the finding. In this, the plaintiffs are mistaken. The findings and judgment of the trial court may be and should be based upon the whole evidence, and if in so doing, it concludes in accordance with the above stated rule as to assessment work on interrelated claims, that meets the requirement of the statute.

The overruling principles which are applicable to all of the plaintiffs' contentions in attacking the findings and judgment are: that the findings of the trial court are entitled to a presumption of validity; that we assume he believed those aspects of the evidence favorable to his findings; and that, if there is substantial evidence to support the findings and judgment, they will not be disturbed.[8]

Affirmed. Costs to defendant (respondent).

MAUGHAN, HALL, WILKINS and STEWART, JJ., concur.

---

6. See 30 U.S.C.A. § 28; and see *Chambers v. Harrington*, 111 U.S. 350, 4 S.Ct. 428, 28 L.Ed. 452 (1884).

7. Id.

8. See *Fuller v. Mountain Sculpture*, supra, note 2; and *Fillmore City v. Reeve*, Utah, 571 P.2d 1316 (1977).