**MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, Plaintiff and Appellant,**

v.

**ATKIN, WRIGHT & MILES, CHARTERED, a Utah corporation, J. MacArthur Wright, J. Ralph Atkin and John R. Miles, Defendants and Respondents.**

No. 18633.

Supreme Court of Utah.

April 27, 1984.

Floyd A. Jensen, Ted D. Smith, Salt Lake City, for plaintiff and appellant.

John L. Miles, J. MacArthur Wright, St. George, for defendants and respondents.

HALL, Chief Justice:

Mountain States Telephone and Telegraph Co. (Mountain Bell) brought this action to recover on a bond given by Atkin, Wright and Miles (the Atkin firm), a St. George law firm, to secure a preliminary injunction restraining Mountain Bell from placing an intercept on the main telephone line of the Atkin firm. The district court granted summary judgment for the firm, and Mountain Bell appeals. We reverse and remand for trial.

In October, 1980, Mountain Bell distributed the Southern Utah telephone directory, which includes St. George telephone listings, to its customers. As a result of a printing error, the number assigned to the Atkin firm was listed in the yellow pages not only for the Atkin firm but also for a competing law firm. As a result, callers attempting to reach the competing firm after consulting the yellow pages would reach the Atkin firm. Following a protest to Mountain Bell by the competing firm, Mountain Bell placed a mechanical intercept on the dually listed number. The intercept informed callers of the correct number of the competing firm and of the newly assigned number for the Atkin firm. The Atkin firm immediately secured a temporary restraining order from the district court that required Mountain Bell to remove the intercept and restore the original number to the Atkin firm. Mountain Bell complied, but petitioned the district court to have the order vacated, contending that the district court did not have jurisdiction over Mountain Bell's disposition of the phone number. The judge refused to vacate the order and entered a preliminary injunction. To secure the preliminary injunction, the Atkin firm posted a $25,000 bond with the individual members of the firm as sureties. Mountain Bell then applied to this Court for an extraordinary writ to vacate the injunction or, alternatively, for interlocutory appeal; the application was denied.

The competing firm thereupon filed a petition with the Public Service Commission (PSC) requesting relief. Following a hearing before the PSC at which the competing firm, the Atkin firm and Mountain Bell were represented, the PSC ordered Mountain Bell to place a live operator intercept on the dually assigned line to direct callers to the proper numbers for the law firm being called. The PSC order required

the Atkin firm's phone number to be changed. Mountain Bell requested the district court to vacate the injunction to allow it to comply with the PSC order. The district court refused, and Mountain Bell petitioned this Court for an extraordinary writ to require the district judge to dissolve the injunction or, in the alternative, to require the PSC to vacate its order. The Court vacated the injunction of the district court and permitted the damage action filed by the Atkin firm against Mountain Bell to go forward.

On March 5, 1981, Mountain Bell filed a notice of claim on bond in the damage action then pending in the district court. On February 16, 1982, Mountain Bell filed this action in the district court to recover on the bond, claiming attorney fees and costs paid by the company to secure relief from the injunction. The district court granted summary judgment in favor of the Atkin firm. On appeal, Mountain Bell seeks reversal of the summary judgment and remand for trial.

■ The Atkin firm contends that since Mountain Bell did not file affidavits in opposition to the motion for summary judgment, the summary judgment must be affirmed. However, under Rule 56, Utah R.Civ.P., it is not always required that the party opposing summary judgment proffer affidavits in order to avoid judgment against him.[1] As this Court has said:

> Rule 56(e) states specifically that a response in opposition to a motion must be supported by affidavits or other documents *only* in order to demonstrate that there is a genuine issue of fact for trial. Where the party opposed to the motion submits no documents in opposition, the moving party may be granted summary judgment only "if appropriate," that is, if he is entitled to judgment as a matter of law. [Citation omitted.][2]

■ Therefore, under Rule 56(c), Utah R.Civ.P., summary judgment can be granted only if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Doubts, uncertainties or inferences concerning issues of fact must be construed in a light most favorable to the party opposing summary judgment.[3] Litigants must be able to present their cases fully to the court before judgment can be rendered against them unless it is obvious from the evidence before the court that the party opposing judgment can establish no right to recovery.[4] The trial court must not weigh evidence or assess credibility.[5]

In this case, the order granting summary judgment for the Atkin firm contains findings of fact and conclusions of law. Findings of fact are unnecessary to support the granting of summary judgment. Rule 52(a), Utah R.Civ.P. Nevertheless, the trial judge saw fit to make and enter findings and conclusions, the content of which evidence the existence of material issues of fact. Therefore, the grant of summary judgment is precluded.

The trial judge found, among other things, that there was no evidence of wrongful restraint. This conclusion is incorrect.

Rule 65A(c), Utah R.Civ.P., provides:

> Except as otherwise provided by law, no restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been *wrongfully enjoined or restrained.* [Emphasis added.]

■ If the restraining or enjoinder is not wrongful, the party enjoined has no

---

**1.** *Olwell v. Clark*, Utah, 658 P.2d 585 (1982).

**2.** *Id.* at 586.

**3.** *Lockhart Co. v. Equitable Realty, Inc.*, Utah, 657 P.2d 1333 (1983); *Bowen v. Riverton City*, Utah, 656 P.2d 434 (1982).

**4.** *Controlled Receivables, Inc. v. Harman,* 17 Utah 2d 420, 413 P.2d 807 (1966).

**5.** *W.M. Barnes Co. v. Sohio Natural Resources Co.*, Utah, 627 P.2d 56 (1981).

basis for recovery on the bond. If, however, it is found that the injunction was wrongfully issued, the enjoined party has an action for costs and damages incurred as a result of the wrongfully issued injunction. These damages are limited to the amount of the bond where the injunction was obtained in good faith[6] and may include the attorney fees of the party wrongfully enjoined.[7]

 It is no defense to an action on an injunction bond that the injunction was sought in good faith since malicious prosecution is not a prerequisite for recovery upon the bond.[8] "Wrongful" does not necessarily connote bad faith or connivance.[9] An injunction is wrongfully issued and recovery on the bond is permissible if it is finally determined that the applicant was not entitled to the injunction.[10]

 In this case, the Atkin firm was not entitled to an injunction issued by the district court since the district court had no jurisdiction over complaints regarding Mountain Bell service.

The legislature has given the PSC broad powers and jurisdiction over matters concerning public utilities:

The commission is hereby *vested with power and jurisdiction* to supervise and regulate every public utility in this state, and *to supervise all of the business* of every such public utility in this state, and to do all things, whether herein specifically designated or in addition thereto, which are necessary or convenient in the exercise of such power and jurisdiction. . . .[11] [Emphasis added.]

U.C.A., 1953, § 54–7–16 further provides: *No court of this state* (except the Supreme Court to the extent herein specified) *shall have jurisdiction to* review, reverse, correct or annul any order or decision of the commission, or to suspend or delay the execution or operation thereof, or to *enjoin*, restrain *or interfere with the commission in the performance of its official duties* . . . . [Emphasis added.]

This Court has interpreted that Act to mean that the PSC has primary exclusive jurisdiction to determine the rights and obligations between utilities and consumers.[12]

Other states have also interpreted their public utility acts as conferring exclusive primary jurisdiction on the state public service administrative body to deal with questions of adequate service.[13] For example, the Iowa Supreme Court, holding that the Iowa Commerce Commission had exclusive jurisdiction in a telephone service case,[14] said:

**6.** *See, e.g., Tracy v. Capozzi,* Nev., 642 P.2d 591 (1982); *Egge v. Lane County,* 276 Or. 889, 556 P.2d 1372 (1976).

**7.** *Coggins v. Wright,* 22 Ariz.App. 217, 526 P.2d 741 (1974); *Unity Light & Power Co. v. City of Burley,* 92 Idaho 499, 445 P.2d 720 (1968); *Shultz v. Pascoe,* 94 N.M. 634, 614 P.2d 1083 (1980).

**8.** *Monroe Div., Litton Business Systems, Inc. v. De Bari,* 562 F.2d 30 (10th Cir.1977); *Rocky Mountain Timber Corp. v. Federal Ins. Co.,* 502 F.Supp. 433 (D.Or.1980); *Edwards v. Container Kraft Carton & Paper Supply Co.,* 161 Cal.App.2d 752, 327 P.2d 622 (1958).

**9.** *See, e.g., Roy v. Union Bank,* La.App., 347 So.2d 286 (1977).

**10.** *Aetna Cas. & Sur. Co. v. Bell,* 95 Nev. 822, 603 P.2d 692 (1979); *Kennedy v. Wackenhut Corp.,* 41 Or.App. 275, 599 P.2d 1126 (1979).

**11.** U.C.A., 1953, § 54–4–1.

**12.** *North Salt Lake v. St. Joseph Water & Irrigation Co.,* 118 Utah 600, 223 P.2d 577 (1950); *Provo City v. Department of Business Regulation,* 118 Utah 1, 218 P.2d 675 (1950).

**13.** *See, e.g., Robinson Ins. & Real Estate, Inc. v. Southwestern Bell Tel. Co.,* 366 F.Supp. 307 (W.D.Ark.1973); *Northwestern Bell Tel. Co. v. Hawkeye State Tel. Co.,* Iowa, 165 N.W.2d 771 (1969); *Denison Mut. Tel. Co. v. Kendall,* 195 Kan. 227, 403 P.2d 1011 (1965); *State ex rel. Mountain States Tel. & Tel. Co. v. District Court,* 160 Mont. 443, 503 P.2d 526 (1972); *Continental Tel. Co. v. Hunter,* Okla., 590 P.2d 667 (1979); *Allen v. General Tel. Co.,* 20 Wash.App. 144, 578 P.2d 1333 (1978). *See also Grever v. Idaho Tel. Co.,* 94 Idaho 900, 499 P.2d 1256 (1972).

**14.** *Elk Run Tel. Co. v. General Tel. Co.,* Iowa, 160 N.W.2d 311 (1968).

Virtually all authorities hold when authority is delegated to an administrative officer or body, such delegation within its terms and limitations is *primary and exclusive* unless a contrary intent is clearly manifested by the legislature.... Until the Commission has made its finding and has entered its order so that an appeal may be taken ... the jurisdiction of the Commission is exclusive.[15] [Emphasis added.]

The sole question then in this case is whether changing a phone number falls within the purview of the PSC. We hold that it does.

Telephone numbers are specifically regulated by a tariff promulgated by the PSC that states:

The subscriber has no property right in the telephone number nor any right to continuance of service through any particular central office, and the telephone company may change the telephone number or central office designation of a subscriber whenever it considers it desirable in the conduct of its business.[16]

Courts have consistently held that tariffs have the force of law[17] and that customers do not have a property right in a particular telephone number.[18] Therefore, absent a contract to the contrary, the Atkin firm had no right to any particular phone number and Mountain Bell had the right to change the Atkin firm's number without interference from the district court if the company felt that it was "desirable in the conduct of its business."

It is clear under the circumstances of this case that Mountain Bell did not change the Atkin firm's number arbitrarily,[19] but did so in furtherance of adequate telephone service to all of its subscribers, including both the Atkin firm and the competing firm. Further, all tariffs promulgated by the PSC, including the one above cited, were incorporated into the equipment lease agreement between Mountain Bell and the Atkin firm. Finally, there was no contract between Mountain Bell and the Atkin firm that gives the firm the right to any particular phone number. Therefore, under the Public Utility Act and the applicable tariffs, the district court had no jurisdiction to issue an injunction to restore the Atkin firm's phone number.

The Atkin firm contends that the fact that this Court refused to dissolve the injunction upon interlocutory appeal is evidence that the injunction was not wrongful. This contention has no merit. The denial of a petition for interlocutory appeal does not necessarily constitute a ruling on the merits of the petition.[20] It may constitute a decision to defer ruling on the merits to permit a more comprehensive treatment subsequently.[21]

In this case, the Court dealt with the merits of the injunction once the case had been heard by the proper forum, the PSC, and ruled on by that body. Presented with the properly constituted order from the agency with primary jurisdiction, this Court dissolved the district court injunction in favor of the PSC order. This dissolution is conclusive evidence that the injunction by the district court was wrongfully issued.[22]

The Atkin firm, however, claims that even if the preliminary injunction was wrongful, Mountain Bell is precluded from

---

15. *Id.* at 315.

16. General Regulations, sec. 20, no. N–2.

17. *Shehi v. Southwestern Bell Tel. Co.*, 382 F.2d 627 (10th Cir.1967); *First Central Service Corp. v. Mountain Bell Tel.*, 95 N.M. 509, 623 P.2d 1023 (1981).

18. *See, e.g., Shehi, supra* note 17.

19. *Clayton Home Equipment Co. v. Florida Tel. Corp.*, Fla.App., 152 So.2d 203 (1963) (a telephone company has the right to change phone numbers as long as the decision is not arbitrary).

20. *Cf. Utah Dep't of Business Regulation v. Public Service Comm'n*, Utah, 602 P.2d 696 (1979).

21. *Id.* at 699.

22. *See, e.g., Ayer v. General Dynamics Corp.*, 128 Ariz. 324, 625 P.2d 913 (1980).

maintaining an action on the bond separate from the firm's court action against Mountain Bell. The Atkin firm alleges that Mountain Bell elected to make a demand on the bond in the damages lawsuit by filing a motion for such relief.

Utah R.Civ.P. 65A(c) provides that the liability of a surety on an injunction bond *"may* be enforced on motion without the necessity of an independent action." (Emphasis added.) This language does not preclude a separate action on an injunction bond. On the contrary, rather than requiring a separate action on a bond as was the case prior to the adoption of the current Rule 65A(c),[23] it allows an action on the bond to be enforced in the action in which it is filed at the option of the enjoined party.[24]

On March 5, 1981, Mountain Bell filed a notice of claim on bond with the district court. That notice gave no indication that Mountain Bell was commencing action on the bond as part of the tort lawsuit. To the contrary, it simply stated that Mountain Bell intended to assert at some future time its claim on the bond. While the notice was not the most unambiguous means of preserving Mountain Bell's right to bring an action on the bond, it cannot be deemed to have been a demand on the bond upon which Mountain Bell failed to take action. Thus the company was not precluded from pursuing a separate action.

Finally, the Atkin firm contends that this Court should dismiss Mountain Bell's appeal because Mountain Bell failed to file an appeal bond as required by Rule 73(c), Utah R.Civ.P. Failure to file an appeal bond is not jurisdictional,[25] although it may be grounds for dismissal of an appeal in appropriate circumstances.[26] However, this Court has discretion to allow the bond to be filed subsequent to the proce-dural time where no prejudice is shown to the respondent.[27] In this case, it would be appropriate to permit a subsequent filing; however, given the disposition of the case, respondent is not prejudiced and no purpose would be served by requiring current tender of an appeal bond.

The judgment of the district court is vacated and set aside, and the case is remanded for trial.

STEWART, OAKS and DURHAM, JJ., concur.

HOWE, Justice (Dissenting):

I dissent. I think the conclusion is inescapable that Mountain Bell effectively elected to make a demand on the bond in the prior action brought by the Atkin firm for damages. On March 5, 1981, Mountain Bell filed a Notice of Claim on Bond with the district court in the prior action. The Notice bore the caption of the prior action. In the notice, Mountain Bell stated that "[p]roof of the specific amount of damages will be filed in the future ..." and warned the Atkin firm and the court not to allow the bond to be withdrawn. If Mountain Bell did not intend to elect to pursue the bond in that action, then it would seem that the filing was wholly unnecessary. At least, it should have contained some reference to an independent action that would be instituted later. Mountain Bell made its filing in the prior action months before the trial, allowing it ample time to pursue the bond in that action.

---

**23.** *Junction Irrigation Co. v. Snow,* 101 Utah 71, 118 P.2d 130 (1941).

**24.** *Fillmore City v. Reeve,* Utah, 571 P.2d 1316 (1977).

**25.** *See, e.g., Neal v. Green,* 68 Wash.2d 415, 413 P.2d 339 (1966).

**26.** *See, e.g., Powers v. Citizens Union Nat'l Bank & Trust Co.,* 329 F.2d 507 (6th Cir.1964) (decided under former Fed.R.Civ.P. 73).

**27.** *See supra* notes 25 and 26.