Ricky C. **BEARD** and Lynda K. Beard, Plaintiffs and Appellants,

v.

Kenneth **DUGDALE** and Lena Mae Dugdale, Defendants and Respondents.

No. 860101-CA.

Court of Appeals of Utah.

Aug. 25, 1987.

Don Blackham, Blackham & Boley, West Valley City, for plaintiffs and appellants.

James T. Dunn, Mortensen & Neider, Salt Lake City, for defendants and respondents.

Before JACKSON, DAVIDSON and GREENWOOD, JJ.

## MEMORANDUM DECISION

JACKSON, Judge:

Ricky and Lynda Beard appeal a judgment awarding respondents $2,838.00 to be paid from appellants' injunction bond. As modified herein, we affirm the judgment.

The Dugdales began foreclosure proceedings on a trust deed executed by the Beards and notified them of the trustee's sale to be held September 17, 1984. The Beards filed suit, alleging misrepresentations by the Dugdales and claiming no liability on the note underlying the deed. On September 14, 1984, appellants obtained a temporary restraining order (TRO) enjoining the trustee's sale. In accordance with Utah R.Civ.P. 65A(c), they posted a $5,000 injunction bond as security "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

After a hearing on September 21, the TRO was dissolved and appellants' request for a preliminary injunction was denied. When respondents' subsequent motion for summary judgment was granted on October 22, they filed a motion and supporting affidavits seeking payment out of the injunction bond for costs, lost rent, and attorney fees.

■ Appellants first contend on appeal that there is insufficient evidence to support the award of $1,500.00 in lost rent of the property at issue. Respondents did, however, submit an affidavit stating $1,500.00 as the fair rental value of the property from the date the TRO issued until the date of the rescheduled trustee's sale. Appellants submitted no evidence contesting that value and did not object to the adequacy of the affidavit before the lower court. Accordingly, we conclude that the evidence of fair rental value was sufficient as a matter of law.

■ Second, appellants challenge the ability of the district court to award *any* attorney fees to be paid from their injunction bond. Although this blanket contention is clearly wrong, *Mountain States Tel.*

*& Tel. Co. v. Atkin, Wright & Miles,* 681 P.2d 1258, 1262 (Utah 1984), we agree with appellants' fallback position that the award of attorney fees should have been limited only to the hours spent by respondents' counsel as a result of the wrongfully issued injunction. The affidavit of respondents' counsel, which formed the basis of the fee award, shows that $390.00 worth of his time (6.5 hours × $60.00/hr.) was spent after September 21, preparing and arguing respondents' summary judgment motion and concluding this lawsuit. This amount cannot properly be awarded from the injunction bond because it does not constitute "costs [or] damages incurred as a result of the wrongfully issued injunction." *Id.* "[I]t is settled that the recoverable damages under such a bond are those that arise from the operation of the injunction itself and not from damages occasioned by the suit independently of the injunction." *Lever Bros. Co. v. International Chemical Workers Union,* 554 F.2d 115, 120 (4th Cir.1976). *See also* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2973 (1973).

The judgment below, as modified to reduce the award by $390.00, is affirmed. The parties are to bear their own costs on appeal.

DAVIDSON and GREENWOOD, JJ., concur.