2000 Utah Ct. App. 217

IKON OFFICE SOLUTIONS, INC., an Ohio corporation, Plaintiff and Appellant,

v.

David L. CROOK, an individual; David Turner, an individual; Ginger Seaman, an individual; Robert L. Petersen, an individual; Matthew R. Hill, an individual; Jeffrey R. Hill, an individual; Nicholas Madsen, an individual; Louise Madsen, an individual; Cindy Campana, an individual; and Uinta Business Systems, Inc., a Utah corporation, Defendants and Appellees.

No. 990679–CA.

Court of Appeals of Utah.

July 13, 2000.

---

Derek Langton and W. Mark Gavre, Parsons, Behle & Latimer, Salt Lake City, for Appellant.

J. Michael Hansen, Hanson, Nelson, Chipman & Quigley, Salt Lake City, for Appellees.

Before JACKSON, Associate P.J., BENCH and DAVIS, JJ.

## OPINION

DAVIS, Judge:

¶1 IKON Office Solutions, Inc. (IKON) appeals the trial court's order and judgment awarding Uinta Business Systems, Inc. (Uinta) attorney fees and costs in the amount of $73,777.52. We affirm the award of attorney fees and costs, but remand for reconsideration of the amount.

## BACKGROUND

¶2 Uinta and IKON are competitors in marketing, selling, leasing, and servicing office machines. IKON employed the eight individual defendants as part of its photocopier sales team. As a condition of their em-

ployment with IKON, each individual defendant executed a non-compete agreement.[1]

¶ 3 Over a several week period in 1997, the individual defendants voluntarily terminated their employment with IKON and went to work for Uinta. On June 11, 1997, IKON filed a complaint alleging that defendants breached their fiduciary duties and duties of loyalty, misappropriated confidential information, intentionally interfered with economic relations, and engaged in a civil conspiracy. IKON sought a temporary restraining order, preliminary injunction, permanent injunctive relief, and damages on each of these claims. Pursuant to its complaint, IKON filed a Motion for Temporary Restraining Order and for Preliminary Injunction.

¶ 4 On June 13, 1997, the trial court held a hearing on IKON's Motion for Temporary Restraining Order. Both IKON and defendants were represented at this hearing. After the hearing, the trial court issued a temporary restraining order prohibiting the individual defendants from violating the non-compete agreements. The temporary restraining order also prohibited Uinta from soliciting or inducing any breach of the non-compete agreements. Finally, the temporary restraining order allowed the parties expedited discovery to prepare for the hearing on IKON's Motion for Preliminary Injunction. The trial court ordered that, unless the court extended the temporary restraining order for good cause or the parties consented to an extension, the order was to remain in effect until either the court could hear IKON's Motion for Preliminary Injunction or ten days elapsed from the date of issuance. *See* Utah R. Civ. P. 65A(b)(2).

¶ 5 The trial court scheduled a hearing on IKON's Motion for Preliminary Injunction for July 9, 1997, and the parties stipulated to an extension of the temporary restraining order until the hearing. Between the time that IKON filed its original complaint and the time of the hearing on IKON's Motion for Preliminary Injunction, both parties conducted extensive discovery.

¶ 6 On July 9, 1997, the trial court heard IKON's Motion for a Preliminary Injunction. After IKON argued its position, defendants moved for a directed verdict and the trial court granted their motion. In addition to denying IKON's Motion for a Preliminary Injunction, the trial court dissolved the temporary restraining order. The following month, defendants filed a Motion for Award of Attorney Fees and Costs incurred in dissolving the temporary restraining order and resisting IKON's Motion for Preliminary Injunction. *See* Utah R. Civ. P. 65A(c). The trial court ruled that defendants' motion was not ripe because some claims were still pending and the court denied the motion without prejudice.

¶ 7 Pursuant to the parties' Stipulation and Motion to Dismiss With Prejudice, the trial court dismissed IKON's claims against the defendants on February 19, 1999. Defendants then filed a Renewed Motion for Award of Attorney Fees and Costs. IKON conceded that defendants were wrongfully enjoined by the temporary restraining order. However, IKON argued that defendants were entitled to only those fees and costs incurred in relation to the temporary restraining order, rather than those fees and costs defendants incurred resisting the Motion for Preliminary Injunction. IKON also argued that defendants were not entitled to the fees and costs that would have been incurred in the ordinary litigation of the case. Specifically, IKON argued that defendants were not entitled to those attorney fees associated with both the preliminary injunction and the merits of the underlying claims. On July 30, 1999, the trial court rejected IKON's arguments and granted defendants' Renewed Motion for Attorney Fees and Costs, awarding Uinta $73,777.52.[2] IKON appeals.

## ISSUES AND STANDARD OF REVIEW

¶ 8 IKON raises two issues on appeal. First, IKON argues that the trial court erred

---

1. Defendant David Turner did not sign the same agreement as the other individual defendants; however, Turner entered into an employment contract with a restrictive covenant similar to the non-compete agreements.

2. Uinta was the sole defendant awarded attorney fees and costs because Uinta was the party who paid all the defendants' fees and costs.

when it awarded attorney fees and costs to Uinta under Rule 65A of the Utah Rules of Civil Procedure. Specifically, IKON argues that the trial court should not have awarded Uinta any of the attorney fees and costs that Uinta incurred by opposing the preliminary injunction. Second, IKON argues that the trial court erred when it awarded Uinta attorney fees and costs that would have otherwise been incurred in litigating the merits of the underlying claims in the case.

∎ ¶ 9 Both of IKON's claims involve the award of attorney fees and costs under Rule 65A of the Utah Rules of Civil Procedure. " 'Whether attorney fees are recoverable in an action is a question of law, which is reviewed for correctness.' " *Wardley Corp. v. Welsh,* 962 P.2d 86, 92 (Utah Ct.App.1998) (citation omitted).

## ANALYSIS

¶ 10 IKON argues that the trial court should not have awarded attorney fees and costs to Uinta for the following reasons: (1) The fees and costs that Uinta incurred in opposing the preliminary injunction are not recoverable under Rule 65A because Uinta successfully defended against the issuance of the preliminary injunction and, as a result, the preliminary injunction was never issued; and (2) Uinta is not entitled to any fees and costs because Uinta did not actually obtain dissolution of the temporary restraining order. Alternatively, IKON argues that even if Uinta was entitled to fees and costs under Rule 65A, the trial court erred when it awarded attorney fees that Uinta would have otherwise incurred litigating the merits of the underlying claims.

∎ ¶ 11 We first address IKON's argument that Uinta is not entitled to any fees and costs under Rule 65A. Specifically, IKON argues that Uinta is not entitled to fees and costs associated ·with the preliminary injunction because the preliminary injunction was never issued and, therefore, Uinta was never wrongfully enjoined by the preliminary injunction.

¶ 12 Ordinarily, a court requires a party to post a security before that court issues a temporary restraining order or preliminary injunction. *See* Utah R. Civ. P. 65A(c)(1). Rule 65A states: "The amount of security shall not establish or limit the amount of costs, including reasonable attorney fees incurred *in connection with* the restraining order or preliminary injunction, or damages that may be awarded to a party who is found to have been wrongfully restrained or enjoined." Utah R. Civ. P. 65A(c)(2) (emphasis added). Additionally, the Utah Supreme Court has held: "If ... it is found that the injunction was wrongfully issued, the enjoined party has an action for costs and damages incurred *as a result of the wrongfully issued injunction.*" *Mountain States Tel. & Tel. Co. v. Atkin, Wright & Miles, Chartered,* 681 P.2d 1258, 1262 (Utah 1984) (emphasis added).

∎ ¶ 13 The costs Uinta incurred in resisting the preliminary injunction were the result of the wrongfully issued temporary restraining order.[3] IKON, in an effort to continuously restrain and enjoin defendants, moved for both a temporary restraining order and a preliminary injunction. Once IKON obtained the temporary restraining order, the record clearly indicates that Uinta prepared to resist the wrongful restraint in the context of the hearing on IKON's Motion for Preliminary Injunction. A party may choose to fight the wrongful enjoinder by preventing it from continuing as a preliminary injunction. *Cf. United States v. Moore,* 427 F.2d 1020, 1025 (10th Cir.1970) ("[A] temporary restraining order later merged, by agreement, into a preliminary injunction."); *Birch Creek Irrigation v. Prothero,* 858 P.2d 990, 994 (Utah 1993) ("[H]ad the trial court reached a final judgment granting or denying a permanent injunction, we would dismiss that portion of the appeal challenging the temporary restraining order under the doctrine of merger."). If a party prevails using this strategy, the temporary restraining order will dissolve, either by its own terms or by order of the court, and the party will have successfully eliminated the wrong-

---

**3.** IKON concedes that the temporary restraining order wrongfully restrained defendants.

ful enjoinder.[4] Consequently, the attorney fees and costs that a party incurs in this type of defense are the result of the wrongful injunction and that party may be awarded attorney fees and costs.

■ ¶ 14 IKON's second argument is that Uinta is not entitled to attorney fees and costs because Uinta did not move to dissolve the temporary restraining order before the hearing on IKON's Motion for Preliminary Injunction. The trial court issued the temporary restraining order on IKON's motion following a hearing at which the parties argued their positions. Other than the parties' conduct of expedited discovery during the pendency of the temporary restraining order, nothing occurred that would likely change the court's position before the already scheduled hearing on IKON's Motion for Preliminary Injunction. Thus, it would have been duplicative, costly, and probably futile for Uinta to file a Motion to Dissolve before the hearing on IKON's Motion for Preliminary Injunction. Furthermore, as described above, Uinta's opposition to the preliminary injunction terminated the wrongful order as effectively as a motion to dissolve the temporary restraining order. *See Miller v. Donovan*, 13 Idaho 735, 92 P. 991, 994 (1907) ("We think therefore that the services in connection with the demurrer as much recoverable as though they had been rendered in the presentation of a formal motion to dissolve."); *Devine v. Cluff*, 110 Idaho 1, 713 P.2d 437, 439–40 (Idaho Ct.App.1985) ("[W]e hold that the plain meaning of I.R.C.P. 65(c) cannot be interpreted so narrowly as to deprive a wrongfully enjoined party of the right to attorney fees merely because the party failed to contest the restraining order *before* trial on the merits."). Here, it was both appropriate and efficient for defendants to resist the wrongful enjoinder at the hearing on IKON's Motion for Preliminary Injunction.

■ ¶ 15 IKON also argues that Uinta did not obtain dissolution of the temporary restraining order because Uinta never moved to have the order dissolved during the hearing on IKON's Motion for Prelimi-

nary Injunction. IKON further asserts that the trial court's order dissolving the temporary restraining order was surplusage because the order would have expired by its own terms at the end of the day. However, because the order would either merge into the preliminary injunction or expire, it was unnecessary for Uinta to formally move to dissolve the temporary restraining order. Uinta prevented the temporary restraining order from continuing as a preliminary injunction; therefore, Uinta effectively obtained dissolution of the temporary restraining order.

■ ¶ 16 We also reject IKON's argument that Uinta is not entitled to fees and costs because both parties agreed to extend the temporary restraining order. IKON clearly stipulated to and enjoyed the protection of the extended temporary restraining order. Furthermore, there is no indication that Uinta intended to waive its right to attorney fees under Rule 65A when they agreed to extend the order. "[I]n order to waive a known right, the party must have 'an intention to relinquish the right.'" *Miller v. Martineau & Co.*, 1999 UT App 216, ¶ 42 n. 7, 983 P.2d 1107 (citation omitted); *see also Monroe Div., Litton Bus. Sys. v. De Bari*, 562 F.2d 30, 33 (10th Cir.1977) ("Whatever effect the requested continuance may have had, it did not preclude defendant from seeking to recover damages for a wrongful injunction."). Defendants' agreement to the extension of the temporary restraining order had no effect on their entitlement to attorney fees and costs under Rule 65A(c)(2). Thus, Uinta is entitled to fees and costs under Rule 65A because defendants were wrongfully enjoined.

■ ¶ 17 We now turn to IKON's alternative argument that Uinta is not entitled to those fees and costs that it would have incurred in litigating the underlying claims.

Although Rule 65A justifies awarding attorney fees to wrongfully enjoined parties, those parties are only entitled to 'fees . . . incurred in defending against wrong-

---

4. In the present case, the court ordered the temporary restraining order dissolved before it terminated by its own terms.

fully obtained injunctive relief" and not to fees incurred in litigating the underlying lawsuit associated with an injunction. Thus, [the party wrongfully restrained or enjoined] is entitled only to those attorney fees which would not have been incurred *but for* the application for, and issuance of, the preliminary injunction. Fees which would have been incurred anyway ... are not recoverable under Rule 65A.

*Tholen v. Sandy City*, 849 P.2d 592, 597 (Utah Ct.App.1993) (citations omitted).

¶ 18 IKON argues that the trial court erred when it awarded Uinta those attorney fees and costs that Uinta would have incurred in litigating the underlying lawsuit. Specifically, the attorney fees at issue include fees that Uinta incurred in proving that IKON was unlikely to prevail on the merits of the underlying claim. The Utah Rules of Civil Procedure require an applicant for preliminary injunction to show that "[t]here is a substantial likelihood that the applicant will prevail on the merits of the underlying claim, or the case presents serious issues on the merits which should be the subject of further litigation." Utah R. Civ. P. 65A(e)(4). As a result, in many, if not most, cases when a party resists a temporary restraining order and/or a preliminary injunction, that party will incur fees and costs relating to the merits of the underlying claim.

¶ 19 Uinta argues that the "but for" test, as set out by this court in *Tholen*, does not apply to those fees incurred as a result of defending against the temporary restraining order and preliminary injunction. Specifically, Uinta claims that defendants had to show that IKON was unlikely to prevail on the merits of the underlying claim in order to defend against the wrongful injunction. In doing so, Uinta incurred legal fees for services that were identical to those services necessary to defend the merits of the case. Due to this overlap, Uinta argues that it is entitled to those legal fees it incurred in showing that IKON was unlikely to succeed on the underlying merits. In other words, Uinta argues that *Tholen*'s "but for" test

does not preclude recovery of fees that would have been incurred in litigating the underlying lawsuit, so long as those fees are incurred in connection with the wrongful order or injunction.

¶ 20 The fees a party incurs in showing that its opponent is unlikely to succeed on the merits will typically be fees that the party would have incurred in litigating the underlying lawsuit. Therefore, it is impossible to say that these fees would not have been incurred "but for" the application for, and issuance of, the wrongful order or injunction. *See Tholen*, 849 P.2d at 597. Thus, to the extent that the trial court awarded fees and costs that Uinta would have incurred in litigating the underlying lawsuit, the trial court erred, even if the fees and costs were incurred in defendants' effort to show that IKON was unlikely to succeed on the merits of the underlying suit.

¶ 21 We reject Uinta's contention that Rule 65A would be rendered meaningless if a party is precluded from recovering the fees incurred in showing that the adverse party is unlikely to succeed on the merits. While we agree that, in most cases, opposition to enjoinder will include showing that the moving party is unlikely to prevail on the underlying claim, fees and costs may be incurred in addressing the other grounds for injunctive relief set out in Rule 65A(e), or any other matters not " 'incurred in litigating the underlying lawsuit.' " *Id.* (citation omitted). Therefore, we are not persuaded that strict interpretation of the "but for" test from *Tholen* and other cases limiting recovery under Rule 65A will render Rule 65A meaningless.[5]

## CONCLUSION

¶ 22 We hold that Uinta was entitled to those attorney fees and costs it incurred in defending against the wrongfully obtained injunctive relief. Uinta is entitled to fees and costs because it collaterally attacked the wrongful order when it resisted the order's

---

**5.** Other cases limiting recovery under Rule 65A include, *Miller v. Martineau & Co.*, 1999 UT App 216, 983 P.2d 1107; *Saunders v. Sharp*, 793 P.2d 927 (Utah Ct.App.1990); and, *Beard v. Dugdale*, 741 P.2d 968 (Utah Ct.App.1987).

continuance as a preliminary injunction. However, we remand to the trial court to reconsider the amount of attorney fees that should be awarded to Uinta. In particular, the trial court should not award Uinta any fees that it would have incurred in litigating the underlying case, even if those fees were incurred in Uinta's effort to show that IKON was unlikely to prevail on the merits of the underlying claim.

¶ 23 WE CONCUR: NORMAN H. JACKSON, Associate Presiding Judge; and RUSSELL W. BENCH, Judge.