**2024 UT App 161**

## THE UTAH COURT OF APPEALS

ERDA COMMUNITY ASSOCIATION INC., KALEM SESSIONS, RYAN
SORENSEN, AND DENISE MOODY-MARTIN,
Appellants,
*v.*
GRANTSVILLE CITY AND SKYWALK DEVELOPMENT LC,
Appellees.

Opinion
No. 20230004-CA
Filed November 7, 2024

Third District Court, Tooele Department
The Honorable Teresa Welch
No. 210300450

Janet M. Conway, Attorney for Appellants

Brent N. Bateman, J. Tayler Fox, Tyler R. Cahoon,
and John Tipton, Attorneys for Appellee Skywalk
Development

Robert C. Keller, Nathanael J. Mitchell, Benjamin J.
Cilwick, and Brett M. Coombs, Attorneys for
Appellee Grantsville City

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES RYAN M. HARRIS and JOHN D. LUTHY concurred.

MORTENSEN, Judge:

¶1     This case is about one piece of land that two cities want. Skywalk Development LC (Skywalk) owned a parcel of land (the Skywalk Parcel) located within the proposed boundaries of Erda, a would-be city hoping to incorporate. At the same time, the Skywalk Parcel was being annexed into neighboring Grantsville City. The Erda Community Association—a group of mostly current and former Erda residents—and several individual

plaintiffs (collectively, Appellants) sued, claiming that the attempted annexation was void and seeking to stop Grantsville City from continuing the annexation process.

¶2 The district court dismissed Appellants' claims for lack of standing. Just as our court did in *Erda Community Ass'n v. Grantsville City*, 2024 UT App 126, we affirm the district court's holding as to Appellants' statutory standing, but reverse and remand the matter for the district court to determine whether Appellants have traditional standing to bring their constitutional claims. *See id.* ¶ 61. Additionally, we reverse an award of attorney fees to Skywalk related to a claimed wrongfully issued injunction.

BACKGROUND

¶3 This appeal comes to us as one of many disputes arising in connection with Erda's incorporation process. While the now-city was being incorporated, landowners tried to persuade other municipalities to annex their land out of Erda's proposed boundaries. A more complete statement of the background facts regarding Erda's incorporation and the emerging disputes can be found in *Erda Community*. *See id.* ¶¶ 3–4.

¶4 The facts diverge, however, when it comes to the parcel at issue. This case involves the approximately 250-acre Skywalk Parcel. In 2020, Skywalk filed a "Notice of Intent to File Petition to Annex" (the Notice), evincing their desire for Grantsville City to annex the Skywalk Parcel. The Grantsville City Recorder declared that, weeks after the Notice was filed, she could not locate the accompanying map required by statute. A representative from Skywalk affirmed that a map had been included with the Notice and supplied an additional copy. The lieutenant governor's office did not recognize the Notice as properly filed before the statutory deadline.

¶5     But Grantsville City continued to pursue annexation of the Skywalk Parcel. In early 2021, Skywalk filed its "Application for Annexation" and its "Petition for Annexation to Grantsville City." The Grantsville City Council voted to accept the petition, and the Grantsville City Recorder submitted an "Annexation Certification" to the city council.

¶6     In April 2021, Appellants filed suit against Grantsville City. Shortly thereafter, Skywalk intervened in the case. Appellants then filed a motion for a preliminary injunction to stop Grantsville City from completing the annexation. Appellants' initial complaint, their motion and memorandum, as well as their reply memorandum, asked only for Grantsville City to be enjoined.

¶7     During the summer of 2021, the court held evidentiary hearings on the request for a preliminary injunction. Again, Appellants asked only for Grantsville City to be enjoined. The district court granted Appellants' motion for a preliminary injunction. The order enjoined "Respondents . . . from taking further steps to annex the Skywalk [Parcel] into Grantsville City." Notably, while the application asked only for Grantsville City to be restrained, the order drafted by the court granted the motion against "Respondents," a term that the district court defined to include both Grantsville City and Skywalk.

¶8     Skywalk subsequently filed a motion for summary judgment. The court granted Skywalk's motion, concluding that Appellants did not meet the statutory standing requirements or the administrative exhaustion requirements. Thereafter, Skywalk filed a motion for an award of attorney fees and costs, arguing that it had been wrongfully enjoined. The district court granted the motion as to $240,991.49 of the requested attorney fees and costs pursuant to rule 65A of the Utah Rules of Civil Procedure.

ISSUES AND STANDARDS OF REVIEW

¶9     Appellants seek reversal of the district court's entry of summary judgment and award of attorney fees in favor of Skywalk.

¶10     Generally, "we review the district court's summary judgment ruling for correctness and view all facts and reasonable inferences in favor of the nonmoving party." *GeoMetWatch Corp. v. Utah State Univ.*, 2023 UT App 124, ¶ 18, 538 P.3d 933 (cleaned up). Moreover, while the question of standing is "a mixed question of fact and law" because it involves "the application of a legal standard to a particularized set of facts," *Planned Parenthood Ass'n of Utah v. State*, 2024 UT 28, ¶ 42, 554 P.3d 998 (cleaned up), "because this particular mixed question is thought to be primarily a question of law, we . . . review[] the district court's determination for correctness," *Erda Cmty. Ass'n v. Grantsville City*, 2024 UT App 126, ¶ 17 (cleaned up); *see also McKitrick v. Gibson*, 2021 UT 48, ¶ 14, 496 P.3d 147 (stating that "the question of whether a specific individual has standing to assert a claim is primarily a question of law").

¶11     Whether the district court erred in awarding attorney fees under rule 65A of the Utah Rules of Civil Procedure is a question of law, which we also review for correctness. *IKON Office Sols., Inc. v. Crook*, 2000 UT App 217, ¶ 9, 6 P.3d 1143.

ANALYSIS

¶12     Recently this court issued an opinion in the case *Erda Community*. At issue in that case was a 550-acre parcel within the proposed boundaries of Erda that Grantsville City attempted to annex. *Erda Cmty. Ass'n v. Grantsville City*, 2024 UT App 126, ¶ 1.

¶13     Though the two cases concern different parcels of land, the legal issues and arguments on appeal are essentially identical. In

both cases, Appellants bring "both statutory-based and constitutional-based claims for relief" and ask us to determine whether their lack of statutory standing precludes recovery on either type of claim. *See id.* ¶ 18. Separate and distinct from those issues is Appellants' challenge to the award of attorney fees to Skywalk. Given the similarity of these two appeals, our decision in *Erda Community* applies directly here.

## I. Standing

¶14 A more complete discussion of standing requirements, both constitutional and statutory, can be found in *Erda Community*. *See id.* ¶¶ 19–33. As we explained in *Erda Community*, "there exist material differences between 'constitutional standing' and 'statutory standing.'" *Id.* ¶ 20. Constitutional standing is required of every plaintiff. *Id.* ¶ 22. In addition, statutory standing is required of statutory claimants. *Id.* ¶¶ 25–26. Thus, if statutory claimants do not have statutory standing, they cannot bring their claim; it doesn't matter whether they have constitutional standing. On the other hand, constitutional claimants need only demonstrate constitutional or traditional standing to bring their claims.

¶15 As in *Erda Community*, here "Appellants' main grievance is statutory." *See id.* ¶ 35. Appellants assert that Grantsville City certified a deficient annexation petition in violation of the Annexation Code. *See* Utah Code §§ 10-2-401 to -429 (2020). Any rights under the Annexation Code are created by statute, and thus, a plaintiff seeking relief under those provisions must demonstrate statutory standing. *Erda Cmty.*, 2024 UT App 126, ¶ 35 ("These claims for redress are entirely statutory, and therefore Appellants must demonstrate statutory standing in order to bring them.").

¶16 In both cases, Appellants allege that they need not establish standing under the Annexation Code because they have statutory

standing through the Declaratory Judgment Act. *See id.* ¶ 9; *see also* Utah Code §§ 78B-6-401 to -412. This reflects an inaccurate construction because "despite its broad terms, the Declaratory Judgment Act does not open courthouse doors that would be closed without it. The statutory creation of relief in the form of a declaratory judgment does not create a cause of action or grant jurisdiction to the court where it would not otherwise exist." *Summit County v. Town of Hideout*, 2024 UT 39, ¶ 32 (cleaned up); *see also Erda Cmty.*, 2024 UT App 126, ¶ 38.

¶17 While the Declaratory Judgment Act provides a remedy, plaintiffs must demonstrate they have standing to access that remedy. When they are statutory claimants, that means demonstrating statutory standing. *See Summit County*, 2024 UT 39, ¶ 33 ("Parties may bring actions under the Declaratory Judgment Act only if they can show that the justiciable and jurisdictional elements requisite in ordinary actions—including standing—are present." (cleaned up)). Simply put, the Declaratory Judgment Act does not confer standing—it requires it.

¶18 With no help from the Declaratory Judgment Act, Appellants cannot establish that they have statutory standing. Just as in *Erda Community*, here "Appellants not only lack statutory standing under the Annexation Code, but they also lack any legally protectible interest that would allow them to seek a declaratory judgment regarding any alleged violation of the Annexation Code." 2024 UT App 126, ¶ 39 (cleaned up). "Accordingly, Appellants lack standing to seek redress for such statutory violations, regardless of whether they ground their complaints in the Annexation Code or the Declaratory Judgment Act." *Id.*

¶19 "But Appellants' claims also include grievances rooted not in statutes but in constitutional provisions." *Id.* ¶ 46. As in *Erda Community*, the district court dismissed these claims along with the statutory claims, relying on the new authority in *McKitrick v.*

*Gibson*, 2021 UT 48, 496 P.3d 147. *See id.* ¶ 50 ("A *statutory* claimant may not overcome a lack of statutory standing by satisfying the elements of some other doctrine of standing." (emphasis added) (cleaned up)). The district court's conclusion would be correct had Appellants brought only statutory claims. However, "where a party raises a challenge to the constitutionality of a state statute," they need demonstrate only traditional standing. *Erda Cmty.*, 2024 UT App 126, ¶ 33.

¶20 Just as in *Erda Community*, here Appellants seem to assert that the Annexation Code violates (1) the right to due process, *see* Utah Const. art I, § 7, (2) the open courts clause, *see id*. art. I, § 11, and (3) the right to put forth a citizen initiative, *see id.* art. VI, § 1. *See Erda Cmty.*, 2024 UT App 126, ¶ 48.

¶21 Though Appellants' claims are at times difficult to discern, their argument can be read to assert that certain provisions of the Annexation Code violate the Utah Constitution, and therefore some of their claims are constitutional, not statutory. Our supreme court has rejected the argument that if plaintiffs lack statutory standing, they cannot challenge the constitutionality of a statute. *See Carlton v. Brown*, 2014 UT 6, ¶ 25, 323 P.3d 571. In other words, so long as plaintiffs have constitutional standing, they may bring a claim that a statute violates the constitution.[1]

¶22 Just as we held in *Erda Community*, "to the extent that Appellants have raised claims challenging the constitutional validity of the Annexation Code, Appellants should be able to proceed with those claims if they can establish that they have traditional standing to do so." 2024 UT App 126, ¶ 52.

---

1. Plaintiffs may also be required to comply with other rules or requirements in bringing such a claim. For example, rule 24(d) of the Utah Rules of Civil Procedure requires a plaintiff challenging the constitutionality of a statute to notify the Attorney General.

¶23    Because the district court did not engage in the analysis of whether Appellants have traditional standing to bring their constitutional claims, we must remand this case for the district court to undertake that analysis in the first instance.[2]

## II. Attorney Fees

¶24    Skywalk requested attorney fees pursuant to rule 65A of the Utah Rules of Civil Procedure. Rule 65A does not specifically provide for the recovery of attorney fees; it merely provides that where some amount of security is required, the amount of security required does not establish a cap on the eventual recovery of fees.[3] Utah R. Civ. P. 65A(c)(2). It is our case law, rather than the rules of civil procedure, that establishes the law governing when a party can recover attorney fees for a wrongful injunction.

¶25    In general, if an "injunction was wrongfully issued, the enjoined party has an action for costs and damages incurred as a result of the wrongfully issued injunction." *Mountain States Tel. & Tel. Co. v. Atkin, Wright & Miles, Chartered*, 681 P.2d 1258, 1262 (Utah 1984). Here, Skywalk argued that it was wrongfully enjoined and requested attorney fees. The court granted the request and entered a judgment for $240,991.49 in attorney fees and costs. Appellants challenge this award. And we agree with Appellants that Skywalk cannot recover attorney fees from Appellants because Appellants never asked for Skywalk to be enjoined.

---

2. For a more in-depth explanation of the traditional standing analysis, see *Erda Community Ass'n v. Grantsville City*, 2024 UT App 126, ¶¶ 21–24.

3. In this case, the court did not require any security.

¶26 The Utah Supreme Court has held that it "is no defense to an action on an injunction bond that the injunction was sought in good faith since malicious prosecution is not a prerequisite for recovery upon the bond." *Id.* However, while an injunction need not have been sought in bad faith, it must at least have been *sought*.

¶27 This court has held that wrongfully enjoined parties are "entitled only to those attorney fees which would not have been incurred *but for the application for*, and issuance of, the preliminary injunction. Fees which would have been incurred anyway, in the course of [the underlying litigation], are not recoverable under Rule 65A." *Tholen v. Sandy City*, 849 P.2d 592, 597 (Utah Ct. App. 1993) (emphasis added). Though *Tholen* primarily resolved a slightly different question (namely, whether attorney fees are recoverable for work on the preliminary injunction or on the underlying litigation), its reasoning applies here too. Wrongfully enjoined parties are entitled to only those attorney fees that are a result of both the application for *and* the issuance of a preliminary injunction. Here, Appellants did not apply for any preliminary injunction against Skywalk. In all their filings on the motion, and at the evidentiary hearings, Appellants only ever asked for *Grantsville City* to be enjoined.

¶28 Appellants cannot be held liable for attorney fees stemming from an injunction that they did not request. The fact that a court sua sponte enjoins a second party, when the injunction was sought only as to the first party, should not result in an award of attorney fees for that second party. The occasion may be rare when a court grants an injunction that was not requested, but when it happens, those attorney fees are not the result of *the application for* a preliminary injunction. Because Appellants never requested that Skywalk be enjoined, we must reverse the district court's award of attorney fees to Skywalk.

CONCLUSION

¶29 We affirm the district court's dismissal of Appellants' statutory claims. However, their constitutional claims cannot be dismissed for lack of standing without an analysis of whether they have constitutional standing. We therefore reverse the district court's dismissal of Appellants' constitutional claims and remand the matter for the district court to determine whether Appellants have standing to bring their constitutional claims. We also reverse the district court's award of attorney fees to Skywalk because Appellants never sought for Skywalk to be enjoined.

—————————