986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William ROBSON, Plaintiff-Appellee,
v.
R & R FUR COMPANY, INC., Defendant,
and
Richard Olson, Defendant-Appellant.
 No. 92-3146.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1993.
 
 Before STEPHEN H. ANDERSON and EBEL, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Richard Olson appeals the district court's denial of his "Motion for the Bond" in which he requested that a bond, deposited by plaintiff William Robson in a replevin action, be released to appellant or his bankruptcy trustee. The district court's order denying appellant's motion was issued April 7, 1992, and is the only judgment referred to in his notice of appeal to this court. R.Supp. Vol. I, tab 109.
 
 
 3
 In 1989, plaintiff initiated a replevin action against the defendants in an attempt to reclaim approximately twenty-four thousand beaver, raccoon, and mink skins that plaintiff had placed with defendants for sale on consignment. Plaintiff filed a motion for delivery of the property or, in the alternative, for a preliminary injunction, claiming a superior right to possession and stating his concern that defendants would remove or conceal the skins. Plaintiff's motion for delivery of the property was denied, but the district court granted the preliminary injunction, prohibiting defendants from taking any action which would depreciate the value of the skins.[1] In order to effectuate the injunction, the court ordered plaintiff to post bond in the amount of $30,000.00 pursuant to Fed.R.Civ.P. 65(c).[2]
 
 
 4
 Plaintiff filed a motion to reconsider the court's denial of his motion for delivery of the property, claiming that if the court allowed the skins to remain in defendants' possession, there was a danger of destruction, damage, or disappearance such that plaintiff would be unable to redeem the property if he were successful in the replevin action. Defendants failed to file a timely response, and the district court granted plaintiff's motion for reconsideration, granting plaintiff's replevin motion and ordering that plaintiff be given immediate possession of the skins. R. Vol. I, tab 51 at 4.
 
 
 5
 On May 7, 1990, plaintiff moved for a default judgment and discharge of the bond based upon defendants' failure to appear at pretrial conferences and to comply with the magistrate judge's discovery orders. The district court denied the motion and granted defendants thirty days to comply with the magistrate judge's discovery orders. On June 1, 1990, defendants filed Chapter 7 bankruptcy which stayed the action in the district court. On February 22, 1991, the bankruptcy court issued an order lifting the automatic stay for the purpose of allowing plaintiff to move the court for the release of the bond. R. Vol. I, tab 82, Ex. A.
 
 
 6
 On August 12, 1991, the district court granted plaintiff's renewed motion for default judgment, granting plaintiff all relief prayed for in his motion including release of the bond.[3] On November 27, 1991, appellant filed his "Motion for the Bond,"[4] denial of which is the subject of this appeal.
 
 
 7
 After review of the record and the arguments of the parties, we determine that, because the district court entered default judgment in favor of plaintiff and released the bond, neither appellant nor his bankruptcy estate has any right or entitlement to the proceeds of plaintiff's injunction bond. In order to prevail in an action to recover on the injunction bond, appellant must prove that the injunction was wrongful and that he did have the right to engage in the enterprises enjoined. See Edgar v. MITE Corp., 457 U.S. 624, 649 (1982) (Stevens, J., concurring); see generally Adolph Coors Co. v. A & S Wholesalers, Inc., 561 F.2d 807, 813 (10th Cir.1977) (as a general rule, absent proof of malice, an enjoined party is only entitled to the amount of the bond as damages for wrongfully granted injunction). Following a determination that damages were suffered, the district court exercises its equity powers in deciding whether to award damages against the bond and in what amount. Kansas ex rel. Stephan v. Adams, 705 F.2d 1267, 1269 (10th Cir.1983). Because the appellant failed to establish that the injunction was wrongfully entered, he has not established damages, and the district court was correct in concluding that he had no entitlement to the proceeds of the bond.
 
 
 8
 In addition, appellant argues that the removal of the skins from his possession constituted an illegal search and seizure, that venue in the District of Kansas is inappropriate, and that defendants are the victims of malicious prosecution, false imprisonment, libel, slander, and restraint of trade. It is fundamental law that an appellate court generally may not address issues not considered and ruled on in the district court. Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989). Appellant has made no showing that these issues were before the district court. Therefore, we decline to address these issues on appeal. Appellant's numerous unsupported and unsubstantiated accusations of collusion and prejudice by the trial judge and counsel are without merit.
 
 
 9
 Plaintiff's Motion to Strike Defendants' Response to Appellee Brief is DENIED. The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 There were approximately fourteen thousand skins known to be still in defendants' possession. The district court found that "[t]he remaining skins have been stored by defendants at locations which defendants are incapable of or unwilling to identify." R. Vol. I, tab 36 at 3
 
 
 [2]
 Fed.R.Civ.P. 65(c) states:
 No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.
 
 
 [3]
 Defendants' appeal of the default judgment order discharging the bond was dismissed by this court for lack of prosecution (No. 91-3266). Defendants' request that this court reopen that appeal was also denied
 
 
 [4]
 Appellant's "Motion for the Bond" states:
 COMES NOW CARROLL RICHARD OLSON debtor in above captioned case nad [sic] moves this case as they have been abindoned [sic] to debtor by the HONARABLE [sic] DAVID SUTTOR TRUSTEE. THIS being the only question to close this case debtor moves for these asselts [sic] to be turned over imediately [sic].
 R.Supp. Vol. I, tab 107.