**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRONT RANGE EQUINE RESCUE; THE
HUMANE SOCIETY OF THE UNITED
STATES; MARIN HUMANE SOCIETY;
HORSES FOR LIFE FOUNDATION;
RETURN TO FREEDOM; RAMONA
CORDOVA; KRYSTLE SMITH; CASSIE
GROSS; DEBORAH TRAHAN;
BARBARA SINK; CHIEF DAVID BALD
EAGLE; CHIEF ARVOL LOOKING
HORSE; TANYA LITTLEWOLF;
ROXANNE TALLTREE-DOUGLAS;
FOUNDATION TO PROTECT NEW
MEXICO WILDLIFE; SANDY
SCHAEFER,

      Plaintiffs - Appellees,

and

STATE OF NEW MEXICO,

      Intervenor Plaintiff - Appellee,

v.

TOM VILSACK, Secretary, United States
Department of Agriculture; ELIZABETH
A. HAGEN, Under Secretary for Food
Safety, United States Department of
Agriculture; ALFRED A. ALMANZA,
Administrator, Food Safety and Inspection
Services, United States Department of
Agriculture,

      Defendants,

No. 16-2054

RESPONSIBLE TRANSPORTATION, LLC; CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION; RAINS NATURAL MEATS; CHEVALINE, LLC; INTERNATIONAL EQUINE BUSINESS ASSOCIATION; NEW MEXICO CATTLEGROWERS' ASSOCIATION; SOUTH DAKOTA STOCKGROWERS ASSOCIATION; RANCHERS-CATTLEMEN ACTION LEGAL FUND UNITED STOCKGROWERS OF AMERICA; MARCY BRITTON; BILL WOOD; JAN WOOD; LEROY WETZ; SHIRLEY WETZ; DOUG JOHNSON; JUDY JOHNSON; KUJYUKURI, LTD; UNITED HORSEMEN; SCENIC VIEW RANCH,

      Intervenors Defendants,

and

VALLEY MEAT COMPANY, LLC,

      Intervenor Defendant - Appellant.

_____

**Appeal from the United States District Court
for the District of New Mexico
(D.C. No. 1:13-CV-00639-MCA-KK)**

_____

A. Blair Dunn (Dori E. Richards with her on the briefs), Western Agriculture, Resource and Business Advocates, LLP, Albuquerque, New Mexico for Intervenor Defendant-Appellant.

Adam Diederich, Schiff Hardin, LLP, Chicago, Illinois (Bruce A. Wagman, Schiff Hardin LLP, San Francisco, California; Samuel C. Wolf, Jones, Snead, Wertheim & Clifford, P.A, Santa Fe, New Mexico, and Ari Biernoff, Office of the Attorney General, Santa Fe, New Mexico, with him on the briefs) for Plaintiffs-Appellees and Intervenor Plaintiff-Appellee.

_____

2

Before **HOLMES**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

**McHUGH**, Circuit Judge.
_____

Valley Meat Company, LLC appeals the district court's denial of its motion to collect on an injunction bond. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

The Food Safety Inspection Service (FSIS), a branch of the United States Department of Agriculture (USDA), is responsible for inspecting equine slaughterhouses, and a grant of inspection is required for the commercial slaughter of horses, mules, and other equines for human consumption. 21 U.S.C. § 603(a). Between fiscal years 2006 and 2011, Congress prohibited the use of funds for inspection, thereby preventing commercial equine slaughter. In fiscal year 2012, Congress lifted the ban on funding and FSIS received several applications for inspection. The agency issued grants of inspection to two commercial equine slaughter facilities: Valley Meat Company, LLC and Responsible Transportation, LLC.[1]

In response, Front Range Equine Rescue, the Humane Society of the United States, and several other individuals and organizations (collectively, "Front Range") sued officials of the USDA ("Federal Defendants"), seeking a declaration that grants

---

[1] A third facility, Rains Natural Meats, applied for inspection, but FSIS was not able to issue a grant of inspection before the initiation of this lawsuit.

of inspection generally violated the National Environmental Policy Act and requesting that the court set aside the specific grants of inspection to Valley Meat and Responsible Transportation. Front Range also moved to enjoin the Federal Defendants from authorizing equine slaughter during the pendency of the claims. Subsequently, Valley Meat and Responsible Transportation each filed motions to intervene, which the district court granted.[2]

The district court then granted Front Range's motion for a temporary restraining order (TRO), prohibiting the Federal Defendants from sending inspectors to the equine slaughterhouses of, or otherwise providing equine inspection services to, Valley Meat and Responsible Transportation. The court additionally *sua sponte* enjoined Valley Meat and Responsible Transportation from engaging in commercial equine slaughter. Finally, the court ordered Front Range to post injunction bonds of $435,000 for Valley Meat and $60,000 for Responsible Transportation, "for the time period August 5, 2013 through September 1, 2013." Twelve days later, Front Range filed a motion to modify the TRO, an objection to the order requiring it to post an injunction bond, and a request for expedited review. Front Range claimed the injunction against Valley Meat and Responsible Transportation was invalid because Front Range had sued and sought relief from only the Federal Defendants. Without waiving this objection, Front Range posted the bond as ordered. Valley Meat opposed Front Range's motion, arguing that it should be restrained and Front Range should be

---

[2] Rains Natural Meats also intervened, but was not subject to the TRO.

4

required to post the bond because an injunction against the Federal Defendants effectively also enjoins its operations.

The district court never ruled on Front Range's motion, but on November 1, 2013, it denied Front Range's request for a permanent injunction and dismissed the action. Front Range immediately appealed the decision to this court. In order to provide adequate time to consider the merits, we temporarily enjoined the Federal Defendants from sending inspectors but did not enjoin Valley Meat or Responsible Transportation.

We subsequently dismissed the appeal as moot in *Front Range Equine Rescue v. Vilsack*, 782 F.3d 565 (10th Cir. 2015) [hereinafter *Front Range I*]. We first concluded the appeal was moot because Congress resumed its funding prohibition for equine inspections beginning in 2014, making it once again unlawful to engage in commercial equine slaughter for human consumption. *Id.* at 568. And second, we noted that while the appeal was pending, Valley Meat "decided to abandon all plans to slaughter equines and asked FSIS to withdraw its grant of inspection." *Id.*

Upon concluding that the matter was moot, we vacated the district court's order denying a permanent injunction, "based on the underlying equitable principle that a party should not have to bear the consequences of an adverse ruling when frustrated by the vagaries of the circumstances." *Id.* at 571 (alterations and internal quotation marks omitted). And the "vagaries of the circumstances" we identified here were unilateral actions taken by Valley Meat and Congress, not any actions taken by Front Range.

5

Valley Meat and Responsible Transportation then filed a motion in the district court to recover the injunction bond. A magistrate judge recommended that the motion be denied, and the district court adopted the magistrate's recommendation in full. Valley Meat now appeals the denial of damages on the injunction bond.[3]

## II. DISCUSSION

As a prerequisite to the issuance of a preliminary injunction, Federal Rule of Civil Procedure 65(c) requires the moving party to post a security bond "to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). We review a district court's decision to grant or deny damages on a bond for abuse of discretion, which occurs when the court "(1) enters 'an arbitrary, capricious, whimsical, or manifestly unreasonable judgment' or (2) applies the wrong legal standard." *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 535 (10th Cir. 2016) (citation omitted).

Here the parties dispute what the correct legal standard is. Front Range cites Tenth Circuit precedent, which holds that "the decision whether to award damages, and the extent thereof, is in the discretion of the district court and is based upon considerations of equity and justice." *Kansas ex rel. Stephan v. Adams*, 705 F.2d 1267, 1269 (10th Cir. 1983); *see also Sierra Club v. Hodel*, 848 F.2d 1068, 1097 (10th Cir. 1988); *Monroe Div., Litton Bus. Sys., Inc. v. De Bari*, 562 F.2d 30, 33 (10th Cir. 1977) ("Equity comes into play in determining whether there may be recovery and the amount thereof."); *Robson v. R & R Fur Co.*, 1993 WL 34680, at *2

---

[3] Responsible Transportation does not join in the appeal.

6

(10th Cir. Feb. 8, 1993) (unpublished) ("Following a determination that damages were suffered, the district court exercises its equity powers in deciding whether to award damages against the bond and in what amount.").

Valley Meat cites to cases from other circuits that it contends apply a different standard of review for denial of recovery under a bond posted under Rule 65(c). *See Coyne-Delany Co. v. Capital Dev. Bd. of State of Ill.*, 717 F.2d 385, 391 (7th Cir. 1983) ("[A] prevailing defendant is entitled to damages on the injunction bond unless there is a good reason for not requiring the plaintiff to pay in the particular case."); *Nat'l Kidney Patients Ass'n v. Sullivan*, 958 F.2d 1127, 1134 (D.C. Cir. 1992) ("The preference for allowance of damages is a solid one; it justifies disallowance only where there is good reason.").

However, neither the parties nor the district court relied on our earlier precedent in *Atomic Oil Co. of Okl. v. Bardahl Oil Co.*,[4] which severely constricts the scope of a district court's discretion to deny recovery to a wrongfully enjoined party. 419 F.2d 1097 (10th Cir. 1969). There, a panel of this court noted that "the discretion of the trial court to refuse to award damages on an injunction bond in an appropriate case has been largely circumscribed since the existence of Rule 65(c) and its predecessor." 419 F.3d at 1100. We further explained:

> The manifest purpose of Rule 65(c), evidenced by its plain language, strongly contraindicates the proposition that the court which issues an injunction should have the power to foreclose recovery on the injunction bond, when such recovery devolves upon the substantive correctness of

---

[4] Valley Meat mentions this case in its Opening Brief, but does so for an unrelated proposition.

the determinations of the very same court. Rule 65(c) states in mandatory language that the giving of security is an absolute condition precedent to the issuance of a preliminary injunction. *It imports no discretion to the trial court to mitigate or nullify that undertaking after the injunction has issued.*

*Id.* at 1100–01 (emphasis added). The limits on a district court's discretion under *Atomic Oil* appear to conflict with the broad discretion to award or deny damages "based upon considerations of equity and justice" outlined in *Stephan*. And in this circuit, "we are obligated to follow the earlier panel decision over the later one." *Hiller v. Okla. ex rel. Used Motor Vehicle & Parts Comm'n*, 327 F.3d 1247, 1251 (10th Cir. 2003). Therefore, where there is a finding that a defendant has been wrongfully enjoined, there is a presumption of recovery and the district court's discretion to deny damages is limited.

Here, the district court based its decision to deny Valley Meat's motion to collect on three independent grounds: (1) there was never a finding that Valley Meat was wrongfully enjoined, nor did Valley Meat request such a finding; (2) Front Range never sued Valley Meat nor asked for it to be enjoined, rather the court restrained Valley Meat *sua sponte*; and (3) it would be inequitable to award damages where Front Range raised legitimate environmental concerns and litigated in good faith. Although the district court's analysis goes beyond that sanctioned by *Atomic Oil*, we affirm because *Atomic Oil*'s presumption in favor of damages does not apply where there was never a finding of wrongful enjoinment.

8

## A. *There Is No Finding that Valley Meat Was Wrongfully Enjoined*

Valley Meat argues it was wrongfully enjoined, and that even though this court vacated the district court's denial of a permanent injunction, "a district court must retain jurisdiction to award costs and damages from a bond despite the vitiating of the underlying suit." In *Atomic Oil Co. of Oklahoma v. Bardahl Oil Co.*, we recognized a defendant's right to recover damages on an injunction bond. 419 F.2d 1097, 1101 (10th Cir. 1969). But a prerequisite to recovery is a finding that the defendant was wrongfully enjoined. *See* Fed. R. Civ. P. 65(c) (explaining the purpose of the bond is "to pay the costs and damages sustained by any party found to have been wrongfully enjoined"); *Robson*, 1993 WL 34680, at *2 ("[T]o prevail in an action to recover on [an] injunction bond, [the defendant] must prove that the injunction was wrongful and that he did have the right to engage in the enterprises enjoined.").

On appeal, Valley Meat argues it was wrongfully enjoined because it was a "prevailing party" after the district court denied a permanent injunction. But there has never been a ruling that Valley Meat was wrongfully enjoined. Although the district court denied a permanent injunction, we vacated that order. We did so after concluding the appeal was moot both because Valley Meat had withdrawn its application for inspection and because Congress had defunded FSIS equine inspections, thereby again prohibiting commercial equine slaughter in the United States. The purpose of vacating the order was to preclude it "from spawning any legal consequences," *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1132 (10th Cir. 2010). We accordingly reject Valley Meat's suggestion that the

9

district court's order denying a permanent injunction can be relied upon to show wrongful enjoinment.

Valley Meat has also failed to point us to any place in the record where it sought a determination, from either the district court or this court, that it had been wrongfully restrained. Valley Meat instead focuses on the damages it claims to have sustained from the injunction, to argue the district court improperly denied recovery. Valley Meat contends that "[i]ssuance of the bond to compensate for [Valley Meat's] damages is a collateral matter which the District Court continued to have jurisdiction to resolve." And it points to the district court's finding at the bond hearing that Valley Meat would "suffer harm and injury by virtue of the temporary restraining order . . . . The amount of these damages and losses are ascertainable." Even if Valley Meat did suffer damages as a result of the TRO,[5] it cannot recover against the bond unless it first shows wrongful enjoinment. As discussed, it has failed to do so.

Accordingly, the district court did not abuse its discretion in denying recovery against the injunction bond because there was never a ruling that Valley Meat was wrongfully enjoined. This conclusion alone is enough to affirm the district court's decision.

---

[5] The district court found that while Valley Meat "failed to profit from [its] investment in a controversial, high-risk, and ultimately evanescent business during the few months when it may otherwise have been permitted, the record is unclear regarding whether the Court's TRO alone was responsible for this situation. . . . The record is also unclear regarding whether Valley Meat's . . . lost profits, even if proximately caused by the TRO, were as high as predicted."

### III.    CONCLUSION

The district court did not abuse its discretion in concluding that Valley Meat could not collect damages where there had been no finding that it was wrongfully enjoined. We therefore AFFIRM the district court's denial of Valley Meat's motion to recover damages against the injunction bond.